73389. FREDRICK v. THE STATE.
(353 SE2d 41)

BIRDSONG, Chief Judge.

The defendant, Kerry Fredrick, was charged with kidnapping, aggravated sodomy, and possession of a knife during the commission of a felony. Defendant was acquitted of the count alleging possession of the knife, but was convicted of kidnapping and aggravated sodomy. The 16-year-old victim testified that he was stopped on the street by the defendant and was asked if he wanted to make $50. He replied in the affirmative if it did not "involve stealing or nothing like that. . . . So I followed him. He walked in front of me, and I walked behind him." The victim voluntarily accompanied defendant until they arrived at "this path . . . and he told me to come on down . . . I told him I ain't want [sic] to go down there . . . we walked down there and we got to where this buggy . . . a store cart . . . I asked him where he was going, and he said this is where the job was. . . . So we sat down there, and he was telling me what, what was [sic] I was going to do, and I told him I was, I can't do that, and so I got ready to walk off, then he grabbed me by my jacket . . . by my arms here, and he just, then he pushed me down" and forcibly committed an act of anal sodomy. The victim selected defendant's photograph from the police department's mug books and then picked him out of a corporal lineup.

Detective Chris Stewart obtained an arrest warrant for defendant and went to his home. The defendant came to the door wearing a "black and red shirt." The officer advised defendant to get dressed for he was under arrest. Defendant put on a cap, blue jeans and shoes. When the defendant surrendered his shoes at the police station, "some leaves fell out of the, the toes of the shoes." The victim identified the shirt, cap and shoes worn by defendant after his arrest as those he had worn during the commission of these offenses.

Following the victim's identification of defendant's mug shots, the victim was taken to the hospital and examined by a physician. The doctor found evidence of a swollen cheek, which was consistent with the victim's statement that he had been struck on the jaw by the defendant. An examination of the victim's rectum revealed trauma

within and outside the anus.

The defendant denied involvement in this incident and testified that he was playing pool until 7:00 p.m. that evening. The owner of the pool hall said that he saw defendant playing pool until after 4:00 p.m. Another witness testified that he played pool with the defendant until 6:00 or 6:30 p.m. This incident took place between 5:00 and 6:00 p.m.

Defendant appeals his conviction. *Held*:

1. The general grounds are enumerated as error. Prior to 1968 when the omnibus Criminal Code of Georgia was enacted, Code Ann. § 26-1601 defined kidnapping: "Every person who shall *forcibly abduct* or steal away any person, without lawful authority or warrant, *and hold* said person against his will, shall be guilty of kidnapping." (Emphasis supplied.) See Ga. L. 1953, p. 99. Thereafter, the Criminal Code defined kidnapping as: "A person commits the offense of kidnapping *when he abducts* or steals away any person without lawful authority or warrant *and holds* such person against his will." (Emphasis supplied.) Code Ann. § 26-1311 (now OCGA § 16-5-40 (a)). Our cases hold that there must be an asportation of the victim to support the offense of kidnapping (*Chambley v. State*, 163 Ga. App. 502, 503 (295 SE2d 166)), but we have no decisional authority interpreting the present statute as to whether such asportation of an adult must be forcible, or whether the taking may be accomplished by enticement, inducement, fraud or subterfuge.

When we analyze the old and the new kidnapping statutes, we find that the old statute required a "forcible" abduction or stealing away of the victim "and" a holding of the "person against his will." Code Ann. § 26-1601. The 1968 revision of this offense deleted the word "forcible" from the statute, so that what is now required is an abduction or stealing away of the person "and" a holding of such person "against his will." OCGA § 16-5-40 (a). Where a statute is amended to delete a word it is presumed that the legislature made the change to effect some purpose (see generally 82 CJS 897, Statutes, § 384; 73 AmJur2d 374-5, Statutes, § 171), and desired to make a change in the existing law. See 82 CJS 905, Statutes, § 384; 73 AmJur2d 472, Statutes, § 325. The most reasonable explanation for the legislative change in this statute was that it was desired to delete any requirement for "force" as an element of kidnapping. This interpretation is consistent with other authorities which hold that "abduction" as utilized in criminal statutes means an unlawful taking or carrying away of the person (Burdick, Law of Crime 24, § 356), but such "taking need not be by force, actual or constructive, inducement, persuasion or fraud is sufficient." Id. at 31, § 360. The avowed purpose of present-day kidnapping statutes is to prevent the victim from being "detained against his will. . . ." ALI Model Penal Code (proposed fi-

nal draft) Sec. 212.1. See also Annot. 95 ALR2d 450, Kidnapping by Fraud or False Pretense; 51 CJS 498, Kidnapping, § 1 (5).

Hence under our present kidnapping statute, whether the abduction or taking of the person was forcible or by enticement is immaterial, so long as the victim is unlawfully held "against his will." In the instant case, the jury was authorized to find that the victim was enticed to the location where the aggravated sodomy occurred, but was held there by force, without his consent and against his will, during the commission of the alleged aggravated sodomy.

When viewed in the light favorable to the verdict, the evidence of record is sufficient to enable any rational trier of facts to find the existence of the offenses of kidnapping and aggravated sodomy, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The defendant contends the kidnapping offense is included within the aggravated sodomy offense, as a matter of fact. We agree. Although the asportation of the victim was accomplished by enticement, or fraud and deception, the remaining element of the statute which requires the victim be held "against his will" was proven by the same evidence used to establish the aggravated sodomy offense. Under the test established by *Haynes v. State*, 249 Ga. 119, 120 (288 SE2d 185), "if the state uses up all the evidence that the defendant committed one crime in establishing another crime, the former crime is included in the latter as a matter of fact under Code Ann. § 26-505 (a) [now OCGA § 16-1-6]." Accordingly, the conviction for the offense of kidnapping must be reversed.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Sognier, J., concur.*

DECIDED JANUARY 7, 1987 —
REHEARING DENIED JANUARY 26, 1987 — ▆▆▆▆▆▆▆▆

*John W. Davis*, for appellant.

*Glenn Thomas, Jr.*, District Attorney, *Richard H. Taylor*, Assistant District Attorney, for appellee.