74037. ELLIS v. THE STATE.
(354 SE2d 15)

DEEN, Presiding Judge.

Appellant Ellis was indicted and tried on charges of aggravated sodomy (two counts), aggravated assault (two counts), kidnapping, kidnapping with bodily injury, and rape, all these offenses having allegedly been committed against two young women whom he accosted as they were returning to their friends' apartment from a nearby fast-food store.[1] A DeKalb County jury returned a guilty verdict on the

---

[1] Ellis was also indicted and tried on charges involving a third victim in an incident occurring at the same place but on a different date. Those charges are not involved in this appeal.

charges of aggravated assault against both victims and also on the charge of rape of one of the two (hereinafter referred to as "the first victim"); the jurors were hopelessly deadlocked on the remaining charges, however, with the result that the trial court declared a mistrial as to those four counts. Appellant was sentenced to fifteen years' imprisonment on the rape charge (Count 3), ten years on the charge of aggravated assault against the first victim (Count 6), and seven years on the charge of aggravated assault upon the other victim (Count 7), all sentences to be served concurrently.

After the denial of his motion for new trial on the general grounds, Ellis appealed to this court, enumerating as error allegedly tainted identification procedures; the court's recharging the jurors, at their request, regarding a certain point without also recharging them on the State's burden of proof; and the court's imposing separate sentences for Counts 3 and 6, which appellant alleges should have been merged into a single offense (rape). *Held*:

1. We have carefully reviewed the transcripts of the preliminary hearing and the trial, as well as the remainder of the record, and find that the photo-identification procedures employed in the instant case meet all the criteria set forth in *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). See *Messer v. State*, 247 Ga. 316 (276 SE2d 15) (1981); *Thomas v. State*, 176 Ga. App. 53 (335 SE2d 135) (1985). This enumeration is without merit.

2. Examination of the trial transcript reveals that the court below acted properly in responding to the jury's question regarding a deadlock on certain counts, and that the recharge could in no way have been prejudicial to the defendant. Appellant's reliance on *United States v. Carter*, 491 F2d 625 (5th Cir. 1974), is misplaced. In *Carter* the court, in illustrating its recharge, used examples clearly inimical to the interests of the defendant. The two cases are readily distinguishable upon their facts. This enumeration is also without merit.

3. Although appellant is technically correct in his statement of the doctrine of merger, it is inapplicable to the facts of the instant case. Appellant pulled a gun on his victims when he initially accosted them, and forced them at gunpoint to walk to a nearby secluded area and disrobe. He then put the gun into his pocket and raped the first victim. The aggravated assault occurring at that point in the transaction did indeed, as appellant contends, merge with, and provide the essential element of force required to establish, the offense of rape. See OCGA § 16-6-1 (a).

After completing the act of forcible intercourse (rape), however, Ellis drew his gun again, pulled back the hammer, and threatened to shoot both victims if they did not obey his further commands. He then immediately forced the first victim to commit anal and oral sod-

omy. During all this time (at least fifteen minutes, according to the victims' testimony) the second victim was forced to lie quietly, nude, upon the ground beside the first victim, under threat of being shot if she disobeyed. This second drawing of the deadly weapon was subsequent to, and separate from, the completed offense of rape against the first victim; thus, contrary to appellant's contention, the evidence regarding the use of force during the incident was not "used up" in the offense of rape, and he could properly be convicted of aggravated assault against the first victim (Count 6) as well as against the second (Count 7).[2] OCGA §§ 16-1-6; 16-1-7; *Gilbert v. State*, 176 Ga. App. 561 (336 SE2d 828) (1985); *McCulligh v. State*, 169 Ga. App. 717 (314 SE2d 724) (1984). This enumeration is also without merit.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 18, 1987.

*William T. Hankins III*, for appellant.

*Robert E. Wilson*, District Attorney, *Barbara Conroy*, *Thomas S. Clegg*, Assistant District Attorneys, for appellee.

---

[2] The evidence is undisputed that appellant did not commit rape, sodomy, or any other further offense against the second victim, and he was not charged with any crimes against her beyond those of kidnapping and aggravated assault.