## 74765. MOSLEY v. THE STATE.
(362 SE2d 80)

McMURRAY, Presiding Judge.

Via indictment couched in four counts, defendant was accused of rape, statutory rape, incest and child molestation. Each count concerned acts of sexual intercourse performed by defendant upon his adopted daughter over a period of time. The jury was unable to reach a verdict with regard to the statutory rape and incest counts; it acquitted defendant upon the rape charge. The jury found defendant

guilty, however, of child molestation. Following sentencing, defendant moved for a new trial. The motion was denied and defendant appealed. *Held*:

1. During the trial, a 37-year-old witness testified that defendant made sexual advances towards her when she was 30-years-old. At that time, the witness was married to defendant's stepson. Defendant objected to the prejudicial nature of the testimony and pointed out that the evidence was not similar to any crime charged against him. The trial court overruled the objection and allowed the testimony for the limited purpose of showing "as respects anything it might show a pattern concerning incest, that only. Cause [sic] it does not go to anything else."

Defendant contends the trial court erred in allowing the testimony into evidence. He asserts that the trial court was in error when it ruled that the testimony had a bearing upon the incest charge because the witness and defendant were not related within the prohibited degrees. See OCGA § 16-6-22. Assuming defendant is correct in his assertion, we fail to see how he was prejudiced by the error since he was not convicted upon the incest charge. *Ellis v. State*, 67 Ga. App. 821 (6) (21 SE2d 316). Accordingly, this assertion lacks merit.

2. One evening, after the trial had commenced, a juror was contacted telephonically by defendant's wife. She had testified earlier in the trial on defendant's behalf. The juror immediately informed defendant's counsel about the irregularity and he brought the matter to the attention of the trial court. The sheriff was dispatched to conduct an investigation. When the trial reconvened, a hearing was held outside of the jury's presence. The hearing was attended by defendant, his attorney, and the assistant district attorney. At the hearing, the sheriff testified that he had gone to defendant's house to investigate the matter; that he was accompanied by defendant's counsel; that defendant's wife admitted that she telephoned the juror, and that defendant said he knew nothing about it. Thereupon, the juror was summoned and the following transpired:

"THE COURT: For the record we note that you are Mr. Merrill Johnson, Jr., is that correct, sir? A. Yes, sir. THE COURT: You are a citizen of Jenkins County and you had been among the 12 who were selected, chosen and sworn to serve on the case on trial, the State against Clifford Mosley? A. Yes, sir. . . . THE COURT: Is it or not true that Mrs. Mosley contacted you by telephone? A. That's correct, sir. THE COURT: What is your recollection of what she said to you and what was said by you to her? A. She . . . phone rang probably about 6:30 or seven I guess. And she said this is Mary Mosley. And I said yeah, what can I do for you? And she said I hope that you can see it our way tomorrow. And then she asked about my mother. And I said yeah, thank you and hung up. And then I called Tom [defense

counsel]. I called him out at the restaurant here in town and I said Tom, I don't know the implications or anything and I think you need to get in touch with your client or somebody and stop this. I don't, I didn't know what else to do. It shook me up. . . . THE COURT: . . . Mr. Johnson, you sat through the trial, you have been under three oaths. A. That's right, sir. THE COURT: You have been directed and instructed by the Court more than one time not to reach any conclusion about the case until the end of the case. A. That's true, sir. THE COURT: Have you reached any opinion in this case yet as to who should prevail? A. No, sir, because I don't know what you are going to charge us with. THE COURT: All right. Is your mind still opened, fairly and impartially to both sides of the case? A. Yes, sir. THE COURT: Without favor or affection . . . A. That doesn't have any affect . . . THE COURT: . . . to either one? A. No, sir, not at all. THE COURT: Have you communicated this telephone call situation to any of the jurors? A. None at all. Nobody but [defense counsel]."

The juror was sent back to the jury room and admonished that he should not inform the other jurors about what had taken place.

Thereafter, defense counsel requested that the juror be removed from the jury panel. (At the outset of the trial, it was agreed that if one or two jurors became incompetent the case could continue with as few as ten jurors.) The trial court denied the request.

Defendant contends the trial court erred in denying his request to take the juror off of the jury. (He also contends the trial court erred in denying a motion for mistrial which was made with regard to the juror. A review of the transcript reveals, however, that although a mistrial motion was discussed, it was neither made nor ruled upon.) We disagree.

"There is general accord among the courts that an unauthorized contact or communication between a witness in a criminal trial and a juror does not vitiate an otherwise valid conviction unless the defendant was actually prejudiced. . . . The cases in other jurisdictions are extremely divided on the question of whether the defendant or the state has the burden of showing either prejudice or a lack thereof. The cases are also divided on the question of the degree of prejudice which must be shown in order to provide grounds for a reversal. In Georgia, it has been held that where an irregularity in the conduct of the juror is shown, the presumption is that the defendant has been prejudiced and the burden is on the state to rebut that presumption. [Cits.]" *Martin v. State*, 242 Ga. 699, 701 (251 SE2d 240).

In our view, the State's burden has been met. It cannot be said that defendant was actually prejudiced by the communication. In the first place, the communication was made by defendant's wife (a witness who testified in defendant's behalf) and it would appear to be calculated to influence the juror in favor of defendant. Compare

*Golden v. State*, 63 Ga. App. 765 (12 SE2d 108) (communication made to juror by widow of victim). More importantly, the juror stated that he was not influenced by the communication and that he was still open-minded and impartial. Under these circumstances, we are of the opinion that the trial court did not err in refusing to remove the juror from the jury. See *Dudley v. State*, 179 Ga. App. 252, 255 (3) (345 SE2d 888).

3. In his final enumeration of error, defendant asserts his conviction must be reversed because the verdict of the jury was inconsistent. This enumeration is without merit. The inconsistent verdict rule in criminal cases has been abolished. *Milam v. State*, 255 Ga. 560, 562 (2) (341 SE2d 216).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 28, 1987 —
REHEARING DENIED OCTOBER 20, 1987 —

*Harry B. James III, Ozell Hudson, Jr.*, for appellant.
*J. Lane Johnston, District Attorney, Rene J. Martin III, Assistant District Attorney*, for appellee.