## A89A0311. McCRARY v. THE STATE.
### (381 SE2d 579)

CARLEY, Chief Judge.

Appellant was tried before a jury on an indictment charging him with six counts of selling cocaine. On the morning after the jury had begun its deliberations, the jury forewoman reported to the trial court that she had received an anonymous telephone call the previous evening. According to the forewoman, the unknown caller had reported information calculated to evoke sympathy for appellant. The trial court determined that another juror had received a similar anonymous call. When the trial court asked if the two could "put that information quickly out of [their] minds and quickly continue [their] deliberations," the forewoman responded that she could. The other juror, however, responded that she could but that "it's hard, real hard. I'll try my best." The State then moved for a mistrial. Over appellant's objection, the trial court granted a mistrial. Appellant subsequently filed a plea of double jeopardy. Pursuant to *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982), appellant appeals directly from the trial court's order overruling his plea.

We note at the outset that this case does not involve a motion for mistrial predicated upon the alleged bad faith conduct of the State or the trial court or upon the alleged false answers given by a juror during voir dire. Compare *Cobb v. State*, 246 Ga. 619 (272 SE2d 296) (1980); *Williams v. State*, 180 Ga. 595, 597 (2) (180 SE 101) (1935). It involves a motion for mistrial predicated upon an alleged improper communication with a juror. " 'We think that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances, which would render it proper to interfere. To be sure, the power ought to be used with the greatest caution under urgent circumstances, and for very plain and obvious cases. . . . But, after all, [courts] have the right to order the discharge; and the security which the public have for the faithful, sound, and conscientious exercise of this discretion, rests, in this, as in other cases, upon the responsibility of the judges, under their oaths of office.' " *Jones v. State*, 232 Ga. 324, 327 (206 SE2d 481) (1974).

In *Jones v. State*, supra at 328, the Supreme Court discussed " '[t]he cases in which mistrials have been declared because of suspected juror bias. . . . [Cits.] In each of these cases, after the jury had been impaneled and sworn, the trial judge received information which rendered suspect the ability of one or more of the jurors to reach an impartial verdict. The exercise of the trial judge's discretion

in declaring a mistrial was upheld, and reprosecution was permitted over objections based on the double jeopardy clause. Significantly, in each case, after the trial judge had ascertained that a juror has received an improper communication, the reviewing court did not require the judge to determine whether the communication had in fact prejudiced the juror. Discovery of the harmful communication in itself afforded grounds for mistrial. . . .' [Cit.]" *Jones v. State*, supra at 328-329. Accordingly, the trial court, prior to ruling on the motion for mistrial, was authorized but not required to determine whether the improper communications had in fact prejudiced the jurors. The trial court having determined to make that inquiry, the issue becomes whether there was a "manifest necessity" to grant the mistrial in light of the jurors' responses.

"[A] juror may be found disqualified even though he insists he is not biased; therefore, the juror's opinion of his qualification is by no means determinative. . . ." *Jones v. State*, supra at 330. Although the forewoman indicated that the improper communication had not prejudiced her against the State and in favor of appellant, the second juror did not state unequivocally that she had not been biased by the improper communication. Compare *Mosley v. State*, 184 Ga. App. 582, 583 (2) (362 SE2d 80) (1987). She acknowledged that it would be "real hard" to discount the communication, but that she would "try" to do so. Accordingly, the grant of the motion for mistrial was authorized. This was one of those " 'instances where a trial judge has discovered facts during a trial which indicated that one or more members of a jury *might* be biased against the Government or the defendant. It is settled that the duty of the judge in this event is to discharge the jury and direct a retrial.' [Cit.]" (Emphasis in original.) *Jones v. State*, supra at 329.

Since the motion for mistrial was properly granted, it follows that appellant's plea of double jeopardy was correctly overruled.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED APRIL 14, 1989.

*Erion & Exum, Charles T. Erion*, for appellant.

*Willis B. Sparks III, District Attorney, Wayne G. Tillis, Kimberly S. Shumate, Howard Z. Simms, Assistant District Attorneys*, for appellee.