A92A1362. THE STATE v. SALLIE.
(427 SE2d 11)

BIRDSONG, Presiding Judge.

This is an appeal by the state of the order of the superior court granting appellee's plea of former jeopardy.

William G. Sallie was prosecuted and convicted in Bacon County

for murder, burglary, aggravated assault, and two counts of kidnapping with bodily injury. The charges arose from a spree in which Sallie murdered his former father-in-law, shot his former mother-in-law after handcuffing her to her grandson, and kidnapped his former wife and former sister-in-law. He then abducted his former wife and former sister-in-law to Liberty County, and repeatedly raped and sodomized his former wife and repeatedly raped his former sister-in-law. After his Bacon County convictions for murder, aggravated assault, burglary, and kidnapping with bodily injury, Liberty County sought to prosecute Sallie for rape and sodomy.

The Bacon County indictment contains the following pertinent averments as to each of the counts of kidnapping with bodily injury, respectively: "and cause said person to receive bodily injury to wit: handcuffed and bound [his former sister-in-law] injuring her arms and wrists then raped her"; "and cause said person to receive bodily injury, to-wit: handcuffed and bound [his former wife] injuring her arms and wrists then raped and sodomized her." The Bacon County trial transcript establishes that testimony was taken regarding the repeated rape by appellee of his former wife and former sister-in-law and of his act of oral sodomy upon his former wife. Regarding being repeatedly raped, the former wife also testified: "I don't know exactly how many times he did what he did. But it didn't stop with just once." The former sister-in-law also testified that appellee raped her more than once.

The trial court granted Sallie's plea of former jeopardy which he made on grounds the rape and aggravated sodomy in Liberty County were the "bodily injury" of the kidnapping charges for which he was convicted in Bacon County, and also that "the finding of guilt of the kidnapping with bodily injury was founded upon the *same facts . . .* upon which the present indictment for rape and aggravated sodomy is framed." (Emphasis supplied.) *Held*:

Appellee's brief in support of this motion cites *Fredrick v. State*, 181 Ga. App. 600 (353 SE2d 41), which pertinently concerned the application of the statutory provisions of OCGA § 16-1-6 (1) and concluded that under the attendant circumstances, the kidnapping offense at issue was included within the aggravated sodomy offense as a matter of fact. At the hearing on defendant's plea of former jeopardy, the defense asserted inter alia that the charges in Liberty County involve the same "facts and everything" as were involved in the kidnapping with bodily injury charge for which appellee was convicted in Bacon County. The multiple prosecution provisions of OCGA § 16-1-7 were expressly called to the trial court's attention by the state, and the trial court considered both OCGA § 16-1-7 and the related lesser included offense provisions of OCGA § 16-1-6 (1). Thereafter, the trial court quoted from a selected portion of *Fredrick*, supra at 602

(2). Further, in its order granting appellee's plea of former jeopardy, the trial court concluded inter alia that "the elements of the bodily injury which allows a court to sentence a defendant to life imprisonment are the *same evidence* used to establish the aggravated sodomy and the rape offense for which [appellee] is indicted in Liberty County and a trial on the offenses separately would be double jeopardy." (Emphasis supplied). In support of this holding, the trial court cited in addition to *Fredrick*, supra, various federal cases. Thus, it is apparent that the statutory provisions of double jeopardy, which include a prohibition against certain multiple punishment, were litigated before the trial court and also found to have been violated, because the same evidence, that is, the same *facts*, were used. See generally OCGA §§ 16-1-6 (1) and 16-1-7 (a) (1).

If the trial court *correctly* granted appellee's double jeopardy claims either on the basis of the state statutory claim or on the basis of a federal double jeopardy claim, this court would have to uphold the ruling, because the state statute affords double jeopardy protection independent of that provided by the federal double jeopardy clause. (Compare *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) and *State v. Evans*, 192 Ga. App. 216, 220 (384 SE2d 404, recognizing inter alia the substantive aspect of the independent statutory double jeopardy provisions of OCGA § 16-1-7 (a) (1).)

In regard to the substantive prohibition of OCGA § 16-1-7 (a) (1), the Criminal Code provides *alternative* rules for determining when one crime is included in another as a matter of *fact* or as a matter of law so as to bar conviction and punishment for more than one crime. *Evans*, supra at 220-221. One of these alternatives " 'provides that the accused may be prosecuted for but may not be convicted of more than one crime if: "One crime is included in the other." [Cits.] A crime is included in the other when "(a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission *of the crime* charged." ' " Id. at 220. That portion of OCGA § 16-1-6 (1) pertaining to a proof of the same facts test is but a variant application of the "uses up all the evidence" test, cited in *Fredrick*, supra at 602 (2) and established in *Haynes v. State*, 249 Ga. 119, 120 (2) (288 SE2d 185) when interpreting Code Ann. § 26-505 (a), the predecessor statute to OCGA § 16-1-6, to determine if a former crime is included in the latter as a matter of *fact*.

*Haynes*, supra, adopted the test articulated in a concurring opinion by Justice Marshall in *Stephens v. Hopper*, 241 Ga. 596, 605 (247 SE2d 92). Marshall referred to it as the "actual evidence" test. The court in *Haynes* applied the test and held that *"under the facts of this case*, the crime of armed robbery was a lesser included offense in the crime of kidnapping for ransom and that the two crimes merged,

so that the conviction and sentence for armed robbery must be set aside." (Emphasis supplied.) *Haynes v. State*, supra at 120-121. OCGA § 16-1-7 (a) prohibited what had been done. Under the facts before it, the court in *Fredrick* held that the kidnapping offense was included within the aggravated sodomy offense as a matter of fact and reversed the conviction of kidnapping.

In addition to *Fredrick*, supra, appellee cites *Allen v. State*, 233 Ga. 200 (210 SE2d 680). The court there held that defendant could be convicted and sentenced for kidnapping and rape because, although the rape arose out of the same transaction, it was a separate offense since he had not been indicted, convicted, and sentenced for kidnapping *with bodily injury* and rape. Had that been the case, the court said it would have run afoul of Code Ann. § 26-506, now OCGA § 16-1-7. In *Allen*, the court cited *Henderson v. State*, 227 Ga. 68 (179 SE2d 76). In that case, the trial court struck the rape count on defendant's motion before trial, apparently because the indictment charged kidnapping with bodily injury, to-wit, rape. That is what the court below has correctly done in Sallie's case.

*Potts v. State*, 261 Ga. 716 (410 SE2d 89) is not controlling, as to the issue of the granting of a motion for plea of double jeopardy grounded upon an application of the statutory rights promulgated in OCGA §§ 16-1-6 and 16-1-7. *Potts*, citing and construing *Grady v. Corbin*, 495 U. S. 508 (110 SC 2084, 109 LE2d 548), undertook to clarify the test applying to the double jeopardy clause of the Fifth Amendment applicable to the states through the Fourteenth Amendment, and left totally intact all prior precedent pertaining to the independent and more expansive double jeopardy protection provisions promulgated in state statute. In *Potts*, the Georgia Supreme Court points out that *Grady* "explicitly rejects an 'actual evidence' or 'same evidence' test." Id. at 718. But the "actual evidence" test is the one to be applied with respect to OCGA § 16-1-6 (1) and it is the one we must apply to determine if the trial court erred in granting appellee's motion on statutory due process grounds. Moreover, *Potts* does not change the rule adopted in *Haynes* and applied by this court in numerous cases since. See, e.g., *Morris v. State*, 179 Ga. App. 228, 229 (6) (345 SE2d 686).

In proving that the persons kidnapped in the Bacon County case received bodily injury so as to subject defendant to the greater punishment of life imprisonment, the state used all the evidence of the rapes and sodomy which it now wishes to prosecute. Any one of them with respect to each victim *would have been sufficient* to establish the factor which authorized the enhanced punishment if the Bacon County indictment had *not* been drafted to embrace them all without distinction; and drafted, we note, either with or without due consideration of the possibility of a bar to subsequent prosecution in Liberty

County. The life sentences imposed in Bacon County constituted punishment for these offenses, whereas without the evidence of "bodily injury," defendant would have been subjected to a maximum of 20 years imprisonment. OCGA § 16-5-40 (b).

That the venue of the sex offenses was with another county does not vitiate this result, as it is the state, the single sovereign, which is prohibited from double conviction and sentence. OCGA § 16-1-7 (a). Thus it behooves prosecutors in such cases to coordinate local prosecutorial efforts with prosecutors of other counties to best protect the interests of the citizens of Georgia and to insure that an accused's right to fundamental fairness within the judicial system is not abused.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 24, 1992 — RECONSIDERATION DENIED DECEMBER 15, 1992

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellant.

*John E. Pirkle*, for appellee.