A92A1805. TUCKER v. THE STATE.
(430 SE2d 84)

ANDREWS, Judge.

Tucker appeals his conviction for the forgery of a check taken in the burglary of Blakeney Livestock Supply on August 4, 1989.[1]

Count 2 charged that on August 4, 1989, Tucker committed the offense of "Forgery-First Degree . . ." when he "did with intent to defraud, knowingly control and possess a certain writing, to wit: a check, in the amount of $200, drawn on *First Union Bank*, which check as made purported to have been signed by Gregory Blakeney, but the signature . . . was not his said signature nor signed with his authority and said accused uttered and delivered said check to *First Union Bank*." (Emphasis supplied.)

1. Tucker's first, second and fifth enumerations allege error in the trial court's denial of his motion for directed verdict on the following grounds: 1) there was a fatal variance between the allegations in the indictment and the proof at trial; 2) the indictment was insufficiently vague and could not be proven; and 3) the evidence was legally insufficient. They will be considered together.

Viewed in favor of the verdict, the evidence was that a burglary

---

[1] Tucker was acquitted of the first count of the indictment, which charged him with the burglary.

occurred during the evening of August 3 or the morning of August 4, 1989 at the Blakeney Livestock Supply. Several checks on the personal account of Mr. and Mrs. Blakeney were stolen. The checks were drawn on the United Bank of Pike. On the afternoon of August 4, Tucker drove his car through the drive-in window at the First Union Bank and placed United Bank of Pike check # 4578 for $200 in the receptacle. The check was written on the Blakeney account, payable to Gregory Blakeney and purportedly signed by him. When teller Barfield received the check, she turned to teller Colquith and asked if she knew Blakeney. Colquith responded that she did and "no, that's Michael Tucker." At that point, Barfield left the drive-in booth and went to copy the check and to inquire of United Bank concerning it. Tucker then drove away. The police were called and the check turned over to the chief along with a description of the car and the suspect. Tucker was later picked up and brought to the bank where he was identified by both tellers as he was driven through the drive-in window.

The question for this court in reviewing the denial of a motion for directed verdict under OCGA § 17-9-1 is whether the evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436) (1984). Here, Tucker testified and admitted that he placed the check in the drive-in receptacle but said he had found it on the ground across from Blakeney Livestock and was merely attempting to return it and did not intend to cash it. The evidence was sufficient. *Jackson*, supra; *Howard v. State*, 181 Ga. App. 187 (351 SE2d 550) (1986).

The indictment charged in the language of the statute, OCGA § 16-9-1 (a), named the crime, date and name of the purported signor of the check, as well as correctly identifying the place of the uttering. It was not subject to the vagueness objection. *State v. Eubanks*, 239 Ga. 483 (238 SE2d 38) (1977).

As to the alleged fatal variance in the name of the bank on which the check was drawn, " '[u]nder *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801) (1969), and *Dobbs v. State*, 235 Ga. 800 (3) (221 SE2d 576) (1976), "(n)ot every variance in proof from that alleged in the indictment is fatal." [Cit.] The crucial requirements are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense. *DePalma*, supra. Unless the variance subjects defendant to one of these dangers it is not fatal. [Cit.]' " *Battles v. State*, 262 Ga. 415, 417 (5) (420 SE2d 303) (1992). See *Bartel v. State*, 202 Ga. App. 458 (1) (414 SE2d 689) (1992).

Here, the only error is the bank on which the check was drawn

and is not such an error that would hamper Tucker's defense nor subject him to a second prosecution. Id.

2. The third enumeration is that the court erred in not granting Tucker's motion for mistrial when the "State repeatedly commented upon the Defendant's exercise of his right to remain silent."

After Tucker had testified that he was at his sister's home in another town on the evening when the burglary occurred, the State recalled the chief of police in rebuttal to testify that Tucker had not told him about this. No objection was made at the time and the defense thoroughly cross-examined the chief. Only after the defense had renewed its motion for directed verdict after both sides rested was a motion for mistrial made. Noting that the motion was not timely, the court nonetheless directed the jury to disregard the chief's statement concerning Tucker's silence, an action in which the defense acquiesced. There was no error. "[A] motion for mistrial which is not made at the time the questions objected to are answered is not timely and will be considered as waived because of the delay in making it. [Cits.]" *Dye v. State*, 177 Ga. App. 824, 825 (341 SE2d 314) (1986). See also *Boscaino v. State*, 186 Ga. App. 133, 134 (3) (366 SE2d 789) (1988).

Even if there had been error, there certainly was no harm since the jury acquitted Tucker of the burglary.

3. Finally, Tucker enumerates the giving of the "dynamite charge" after the jury reported it was deadlocked 11-1 (no further indication of which way the vote stood was given) after two hours and twenty minutes and the denial of his motion for mistrial on that ground.

After the charge was given,[2] the jury returned 20 minutes later, acquitting Tucker of the first count and convicting him of the second. A motion for mistrial based on the length of the jury's deliberations is within the sound discretion of the trial court and the court is not bound by the jury's feeling that it is hopelessly deadlocked. Cf. *Romine v. State*, 256 Ga. 521, 524 (1) (350 SE2d 446) (1986). The charge as given was not error. *Sanders v. State*, 257 Ga. 239, 243 (7) (357 SE2d 66) (1987).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

---

[2] The charge, although referred to as the "*Allen* charge," (*Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)) is in fact that contained in Vol. II, Suggested Pattern Jury Instructions, p. 198 and repeatedly approved by this court. *Christian v. State*, 190 Ga. App. 667, 670 (3) (379 SE2d 807) (1989).

DECIDED MARCH 9, 1993 —
RECONSIDERATION DENIED MARCH 30, 1993

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III, Eric D. Hearn,* for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney,* for appellee.