A94A0405. EDMONSON v. THE STATE.
(442 SE2d 300)

ANDREWS, Judge.

Edmonson was charged in a seven-count indictment with kidnapping, false imprisonment, rape, aggravated sodomy, aggravated assault with a deadly weapon, aggravated assault with intent to rape, and possession of a knife during the commission of a crime. He was found guilty by a jury on all counts. The trial court merged the false imprisonment count into the kidnapping count, merged the aggravated assault with intent to rape count into the rape count, and entered judgment and sentence on the convictions for kidnapping, rape, aggravated sodomy, aggravated assault with a deadly weapon, and possession of a knife during the commission of a crime. Edmonson appeals from the judgment entered on the convictions.

All of the counts of the indictment were based on evidence that Edmonson abducted his victim at knifepoint, transported her to another location, and sexually assaulted her. The victim testified that while she was doing laundry at a laundromat, Edmonson grabbed her

from behind around the neck, threatened her with a knife, and forced her to drive her car to a motel room, where against her will Edmonson forcibly placed his penis to her mouth and raped her. Edmonson testified that he did not attack the victim with a knife or otherwise assault or abduct her. He admitted he had sexual relations with the victim in the motel room, but claimed she voluntarily accompanied him to the room and that the sexual relations were consensual. Edmonson's knife was identified by the victim and admitted into evidence. Edmonson testified he had the knife with him during the events at issue because he used it in his work.

1. Edmonson claims the trial court erred in overruling his objection to expert testimony presented by the State from a registered nurse, who also acted as a rape counselor. The nurse testified that she had counseled 20 to 30 victims of rape, including the present victim, and that in her experience she observed that rape victims exhibited certain common patterns of behavior as a result of being raped. The nurse and other witnesses testified as to behavior of the victim they observed after she claimed to have been raped. The behavior of the victim observed by the witnesses was consistent with some of the behavior patterns the nurse testified existed in other rape victims. The clear purpose of the State in introducing the nurse's expert opinion testimony was to produce evidence from which the jury could conclude that since the present victim displayed behavior common to other rape victims, she was telling the truth when she testified that Edmonson raped her.

The only objection to the expert opinion which the defendant raised at trial and argues on appeal is that it invaded the province of the jury on the ultimate issue of whether or not the victim was raped by Edmonson.[1] The nurse offered an opinion as to the existence of certain typical patterns of behavior exhibited by victims of rape, and she testified as to behavior she observed in the present victim.

---

[1] Defense counsel objected at trial that the nurse was not qualified as an expert to render an opinion as to whether rape victims exhibit common patterns of behavior. The trial court allowed the nurse to render the opinion, but the competency issue was not raised on appeal. Although the nurse did not label or attempt to describe her testimony as such, her opinion as to patterns of behavior was similar to the sort of psychological stress symptoms commonly referred to as the rape trauma syndrome. The admissibility of expert opinion testimony with respect to this syndrome has been addressed in other states with mixed results, but has apparently not been addressed by a Georgia appellate court. See Admissibility, at Criminal Prosecution, of Expert Testimony on Rape Trauma Syndrome, 42 ALR4th 879; Rape Trauma Syndrome, 12 AmJur3d 401, Proof of Facts. We do not reach the admissibility issue in the present case since Edmonson did not raise it by objecting at trial that the type of opinion evidence presented was based on principles or techniques that had not "reached a scientific stage of verifiable certainty" or did not "rest upon the laws of nature" (see *Harper v. State*, 249 Ga. 519, 525-526 (292 SE2d 389) (1982)), or that the prejudicial effect of admitting such evidence outweighed its reliability and probative value.

Pretermitting whether the opinion was otherwise admissible, this did not amount to an expert opinion as to whether the victim had been raped. See *Remine v. State*, 203 Ga. App. 30, 31 (416 SE2d 326) (1992); *Hall v. State*, 201 Ga. App. 626, 627 (411 SE2d 777) (1991); *Cooper v. State*, 200 Ga. App. 560, 561 (408 SE2d 797) (1991); *Gordon v. State*, 210 Ga. App. 224, 226-227 (435 SE2d 742) (1993); compare *Allison v. State*, 256 Ga. 851, 853 (353 SE2d 805) (1987); *Smith v. State*, 259 Ga. 135, 138 (377 SE2d 158) (1989); *Sims v. State*, 260 Ga. 782, 784 (399 SE2d 924) (1991); *McCartney v. State*, 262 Ga. 156, 159 (414 SE2d 227) (1992). The trial court did not err in overruling the objection on this basis.

2. Edmonson argues it was error for the trial court to give an *"Allen"* charge (see *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)) after the jury had been deliberating for approximately two-and-one-half hours and informed the court its vote was situated at nine to three on all counts. After giving the charge, the trial court asked if there were any objections and defense counsel objected on the basis that an *"Allen"* charge should only be given with the general instructions before the jury commences deliberation.

On appeal, Edmonson argues that we should adopt the position of the Commentary to the ABA Standards for Criminal Justice supporting his objection (see *Harris v. State*, 263 Ga. 526, 528 (435 SE2d 669) (1993)), and further argues that authority to the contrary such as *Spaulding v. State*, 232 Ga. 411, 413-414 (207 SE2d 43) (1974) should be overruled. Giving an *"Allen"* charge after the jury has begun its deliberations has been approved in numerous decisions of the Georgia Supreme Court and this court. *Black v. State*, 255 Ga. 668, 670-671 (341 SE2d 436) (1986); *Kilpatrick v. State*, 255 Ga. 344, 345 (338 SE2d 274) (1986); *Spaulding*, supra; *Tucker v. State*, 208 Ga. App. 224, 226 (430 SE2d 84) (1993). Without addressing the merits of these contentions, we find no error, since this court is without authority to overrule decisions of the Georgia Supreme Court which control this issue and must be followed. See *Harden v. Burdette*, 204 Ga. App. 733, 735 (420 SE2d 626) (1992).

3. Edmonson contends the trial court erred by not merging both aggravated assault charges and the kidnapping charge into the rape charge as a matter of fact pursuant to the substantive bar against double jeopardy set forth by OCGA § 16-1-7 (a) (1). First, the trial court did, sua sponte, merge the aggravated assault with intent to rape charge into the rape charge, so Edmonson's contention in this regard is moot. Secondly, Edmonson did not raise in the trial court (either before, during or after the trial) the claims that the aggravated assault with a deadly weapon and kidnapping counts should have been merged with the rape count. Accordingly, these enumerations are not properly before us for appellate review. *LeGallienne v. State*,

180 Ga. App. 108, 111 (348 SE2d 471) (1986); compare *McClure v. State*, 179 Ga. App. 245, 246 (345 SE2d 922) (1986) (claim that the substantive bar against double jeopardy was violated was not waived when raised in the trial court after close of the evidence). To the extent *Redding v. State*, 188 Ga. App. 805 (374 SE2d 339) (1988), stands for the proposition that this court will review a claim asserting violation of the substantive bar against double jeopardy which was not raised in the trial court, it is overruled. See id. at 806 (Beasley, J., dissenting).

Nevertheless, we note that under the facts of the present case the victim was kidnapped at knifepoint and then raped at another location. The two offenses were separate and did not merge. *Allen v. State*, 233 Ga. 200, 202-203 (210 SE2d 680) (1974); compare *State v. Sallie*, 206 Ga. App. 732, 735 (427 SE2d 11) (1992); *Fredrick v. State*, 181 Ga. App. 600 (353 SE2d 41) (1987). There was also evidence that, subsequent to completing the offense of rape, Edmonson again threatened the victim with the knife; thus these two offenses were separate and did not merge as a matter of fact. *Ellis v. State*, 181 Ga. App. 826, 827-828 (354 SE2d 15) (1987); see *Sylvester v. State*, 168 Ga. App. 718 (310 SE2d 284) (1983).

4. Edmonson claims the trial court erred by denying his motion to suppress admission of the knife on the basis that it was obtained by an illegal search. When the knife was offered by the State for admission at trial, defense counsel stated that there was no objection to its admission; therefore the right to contest admission of the evidence on appeal was waived. *Bowe v. State*, 201 Ga. App. 127, 128 (410 SE2d 765) (1991); *Mattingly v. State*, 205 Ga. App. 777 (423 SE2d 709) (1992).

5. We find no error in the trial court's denial of Edmonson's motion for a new trial on grounds that he was prejudiced by juror misconduct during the course of the trial. The trial court conducted a hearing to investigate allegations that during the trial a witness for the State had communicated with jurors during a break in the proceedings. All the witnesses at the hearing were subject to cross-examination by defense counsel. The record shows that an investigating officer who testified for the State testified that he was standing in the hall of the courthouse during the trial when the jury came back from lunch. He stated that as they passed him in the hall, several of the jurors said hello and offered a handshake, and that he returned the hello and shook their hands. He testified that there was no discussion with any juror about the case. All of the jurors were individually questioned at the hearing. Two or three jurors who knew the witness testified that they may have seen and said hello to him as they passed. All of the jurors stated that they did not speak to the witness about the case.

Although there is a presumption of harm when an unauthorized communication occurs between a juror and a witness in a criminal trial, such communication does not invalidate an otherwise valid conviction unless the defendant was actually prejudiced by the communication. *Head v. State*, 191 Ga. App. 262, 264 (381 SE2d 519) (1989); *Mosley v. State*, 184 Ga. App. 582, 584 (362 SE2d 80) (1987). "Such testimonial evidence is an acceptable means of proof to meet the burden cast upon the state, in such circumstances, to rebut by proof a presumption of harm. [Cits.] Appellant shows no injury requiring a new trial, and we conclude the trial court was correct in finding the state met its burden of proof and that no prejudice to the defendant was shown by the juror's misconduct. [Cits.]" *Hardy v. State*, 242 Ga. 702, 704 (251 SE2d 289) (1978).

*Judgment affirmed. Pope, C. J., Birdsong, P. J., Beasley, P. J., Cooper, Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., concurs in the judgment only.*

DECIDED MARCH 15, 1994.

*J. Reese Franklin*, for appellant.

*Robert B. Ellis, Jr.*, District Attorney, *Timothy L. Eidson*, Assistant District Attorney, for appellee.

