S96A1550. REED v. THE STATE.
(480 SE2d 27)

HINES, Justice.

Jimmy Lee Reed appeals his conviction for malice murder in connection with the fatal beating of Clifford Jackson.[1] We affirm.

---

[1] The crime occurred on November 17, 1994. Reed was indicted for malice murder and

The evidence, considered in a light most favorable to the verdict, disclosed that on November 16, 1994, Reed was playing cards and gambling at a clubhouse with the owner and victim's brother, Eugene Jackson. During the course of the card game, Reed lost $600 and two CD players to Eugene. Reed told Eugene that he was going to his car to get the two CD players, but left without paying his gambling losses. Eugene attempted to locate Reed but was unsuccessful. Around 5:30 a.m. on November 17, 1994, the victim called Eugene and told him that he was at the clubhouse and someone who sounded like Reed had called and threatened him. Later that morning, the victim was found lying on the clubhouse floor in a puddle of blood.

The police contacted Reed concerning the victim's murder, and he agreed to come into the police station. However, Reed failed to appear and the police found him at his home. During the investigation, Reed's friend, Chatfield, told the police that Reed had come to his home at approximately 11:00 a.m., on November 17, 1994, and changed clothes, leaving the clothes he had been wearing. Chatfield gave the police the clothing, and forensic tests disclosed that there was human blood on the clothing which was consistent with the victim's blood type and DNA.

On November 27, 1995, a jury was selected, sworn and impaneled, and evidence was presented against Reed. The next day, the bailiff informed the court that she witnessed Chatfield, who had been subpoenaed as a witness for the State, approach several jurors and repeatedly tell them that Reed was "not guilty." The State moved for a mistrial. After conducting an evidentiary hearing, the court determined that curative instructions would not remedy the situation and granted the State's motion. Reed moved for a purported "out-of-time appeal" asserting double jeopardy. The trial court denied the motion.

1. Reed contends that the trial court erred in granting the mistrial, thereby placing him in jeopardy twice for the same acts. He asserts that the trial court failed to inquire as to whether the remarks to the jury had an actual prejudicial effect and erred in finding that a curative jury instruction would not have remedied the situation. The enumeration fails.

Recognizing the constitutional right of a criminally accused to have his or her trial proceed to an acquittal or conviction once a jury has been impaneled,

---

burglary on January 10, 1995. He was tried before a jury on November 27-28, 1995, and a mistrial was declared on November 28, 1995. A motion for an "out-of-time appeal," asserting double jeopardy, was denied on January 29, 1996. Reed was tried before a new jury, on January 29, 1996 through February 1, 1996, and found guilty of malice murder and not guilty of burglary. On March 7, 1996, Reed was sentenced to life imprisonment. The notice of appeal was filed on March 29, 1996, and the appeal was docketed with this Court on June 24, 1996. The case was submitted for decision without oral argument on October 3, 1996.

the power of the trial judge to interrupt the proceedings on his own or the prosecutor's motion by declaring a mistrial is subject to stringent limitations . . . . [R]etrial is permissible only if a manifest necessity existed for the declaration of the mistrial lest otherwise the end of public justice be defeated; the existence of "manifest necessity" is to be determined by weighing the defendant's right to have his trial completed before the particular tribunal against the interest of the public in having fair trials designed to end in just judgments; and the decision must take into consideration all the surrounding circumstances. [Cits.]

*Jones v. State*, 232 Ga. 324, 326-327 (206 SE2d 481) (1974).

When a trial court determines that a juror has received an improper communication it may, but is not required to, determine whether the communication had in fact prejudiced the juror before granting a mistrial. See *Jones v. State*, supra at 328-329, and *McCrary v. State*, 191 Ga. App. 336 (381 SE2d 579) (1989). Discovery of the harmful communication in itself may support a finding that there was manifest necessity to grant a mistrial. Id. Additionally, the trial court's decision to reject alternatives to granting a mistrial is given great deference, and the availability of another alternative without more does not mean the mistrial was not necessary. *Burleson v. State*, 259 Ga. 498, 501 (384 SE2d 659) (1989). Accordingly, we cannot conclude that the grant of a mistrial in this case was not authorized.[2]

2. The evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Reed was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 3, 1997.

*Cedric T. Leslie*, for appellant.

*Charles H. Weston*, District Attorney, *Kimberly S. Shumate, Laura D. Hogue*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Beth Attaway*, Assistant Attorney General, for appellee.

---

[2] Because the double jeopardy claim fails on the merits, it is unnecessary to consider whether Reed's motion for an "out-of-time appeal" was an appropriate vehicle to raise the claim.