**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 30, 2016**

# In the Court of Appeals of Georgia

A16A0532. EDWARDS v. THE STATE.

ANDREWS, Presiding Judge.

Dennis Leon Edwards appeals from the trial court's denial of his plea in bar in which he contends that the constitutional prohibition against double jeopardy precludes retrial after his first trial for rape and child molestation ended in a mistrial. We find no error and affirm.

After a jury was impaneled and sworn to try Edwards on charges of rape and child molestation, but before any evidence was presented, Edwards's defense counsel and the prosecutor brought to the trial court's attention that, during the trial of the case, they expected defense counsel would have an actual or a potential conflict of interest under ethical standards set forth in the Georgia Rules of Professional Conduct. Defense counsel told the court that, in unrelated proceedings, he had

previously represented the mother of the alleged molestation victim, that during the prior representation the mother disclosed confidential information to him that could be used to impeach her if she testified as a witness during the trial, and that counsel was concerned he was ethically prohibited from using that information to cross-examine and impeach the victim's mother for the benefit of Edwards's defense. The prosecutor informed the court that, based on his investigation, the state expected the defense would claim that the victim's mother falsely planted the idea in the victim's mind that Edwards molested the victim, and that the state would respond by presenting testimony from the victim's mother refuting that claim. Defense counsel told the court that "[the prosecutor] and I have been talking about this constantly, trying to figure out where we're going to go with it, and we told you that we thought it would be a problem. . . ." Without revealing the confidential information, defense counsel informed the court that, "[i]f someone knew [the confidential information he had acquired from the victim's mother] and wanted to use it, it would certainly be very strong impeachment material." Given the actual or potential conflict of interest described by the prosecutor and defense counsel, the trial court gave defense counsel an opportunity to confer privately with Edwards to discuss the conflict. After defense counsel met with Edwards, counsel and Edwards informed the court that Edwards had

2

elected to waive the conflict and proceed with the trial with the understanding that, if the victim's mother testified at the trial, defense counsel could not use the confidential information during cross-examination to impeach the witness. Edwards does not claim, and nothing in the record shows, that the victim's mother waived the conflict or consented to the disclosure or use of the confidential information. On these facts, the trial court concluded, in effect, that the attempted waiver by Edwards did not cure the problem, and that an actual or serious potential conflict of interest disqualified defense counsel from representing Edwards at the trial. Based on these conclusions, the trial court sua sponte disqualified defense counsel and declared a mistrial over Edwards's objection.[1]

Over four months later, Edwards filed a plea in bar claiming that the Double Jeopardy Clause barred a second prosecution for the same offenses because jeopardy had attached in the first trial, and there was no manifest necessity for the trial court to declare the mistrial. The Double Jeopardy Clause of the Federal Constitution (applicable to the states through the Fourteenth Amendment) provides that "[n]o person shall be subject for the same offen[s]e to be twice put in jeopardy of life or

---

[1] Although the trial court had already sua sponte declared the mistrial, the court also granted the state's motion for a mistrial on the same basis.

3

limb. . . ." Jeopardy attaches in a jury trial when the jury is impaneled and sworn. *Harvey v. State*, 296 Ga. 823, 830 (770 SE2d 840) (2015). Where jeopardy has attached and the trial judge declares a mistrial prior to verdict over the defendant's objection, the Double Jeopardy Clause does not bar retrial "whenever, in [the judge's] opinion, taking all the circumstances into consideration, there is a manifest necessity for [the mistrial]." *Renico v. Lett*, 559 U. S. 766, 773-774 (130 SCt 1855, 176 LE2d 678) (2010) (citation and punctuation omitted). The "'manifest necessity' standard . . . cannot be interpreted literally, and . . . a mistrial is appropriate when there is a 'high degree' of necessity." Id. at 774 (citation and punctuation omitted). "[W]hether the required degree of necessity for a mistrial has been shown is a matter best judged by the trial court." *Harvey*, 296 Ga. at 831. The existence of "manifest necessity" is determined by weighing the accused defendant's right to have his trial completed before the first trier of fact "against the interest of the public in having fair trials designed to end in just judgments. . . ." *Reed v. State*, 267 Ga. 482, 484 (480 SE2d 27) (1997) (citation and punctuation omitted). Accordingly, whether "manifest necessity" exists for a mistrial in the various situations which arise in the course of a criminal trial cannot be determined by use of any mechanical formula, and the decision is reserved to the "broad discretion" of the trial court taking into

4

consideration all the circumstances. *Harvey*, 296 Ga. at 831; *Reed*, 267 Ga. at 484. The trial court is not required to explicitly find "manifest necessity," or to set forth all the factors which informed its exercise of discretion, but "the record must show that the trial court actually exercised its discretion" to declare a mistrial. *Harvey*, 296 Ga. at 832.

> For this reason, we have instructed trial courts to give careful, deliberate, and studious consideration to whether the circumstances demand a mistrial, with a keen eye toward other, less drastic, alternatives. . . . Where it is clear from the record that the trial court actually exercised its discretion in deciding to grant a mistrial, the Double Jeopardy Clause generally will not bar retrial.

*Harvey*, 296 Ga. at 832 (citation and punctuation omitted).

The record supports the trial court's refusal to accept Edwards's attempted waiver of his defense counsel's conflict of interest, and the court's conclusion that an actual or serious potential conflict of interest required disqualification of defense counsel. Although Edwards had an interest in continuing to be represented by his public defender defense counsel, who investigated and prepared his case for trial, "a defendant does not have a right to be represented by an attorney who is ethically prohibited from doing so, most commonly due to a conflict of interest." *Registe v. State*, 287 Ga. 542, 544 (697 SE2d 804) (2010); *Davis v. State*, 261 Ga. 221, 222 (403

5

SE2d 800) (1991) (discussing circumstances under which indigent defendant may assert preference for counsel). A defendant's choice of counsel "may be overcome not only by a demonstration of actual conflict of interest but by a showing of a serious potential for conflict." *Heidt v. State*, 292 Ga. 343, 346 (736 SE2d 384) (2013) (citations and punctuation omitted). Edwards contends that there was no need for the trial court to disqualify his defense counsel based on conflict of interest because he waived his counsel's actual or potential conflict of interest. But "[t]he defendant's waiver of his attorney's conflict of interest does not always cure the problem, because courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Registe*, 287 Ga. at 544 (citation and punctuation omitted). "The trial court's decision on whether an ethical requirement bars a lawyer from representing a defendant is reviewed on appeal for abuse of discretion." Id. at 844.

The Georgia Rules of Professional Conduct (see State Bar Rule 4-102) set forth the applicable ethical standards. It is undisputed that Rule 1.6 (a), concerning confidentiality of information, imposed on defense counsel a continuing professional obligation to keep certain information confidential that counsel acquired from his former client, the victim's mother, during prior representation of the mother in an

6

unrelated matter.[2] As the prosecutor and defense counsel informed the trial court, the state expected to call the victim's mother as a witness in the trial to refute Edwards's defense, and the confidential information provided a strong basis for the defense to impeach and attack the credibility of this witness for the state. To protect the ongoing duty of confidentiality arising from the former attorney-client relationship, Rule 1.9 (c) provides that "[a] lawyer who has formerly represented a client in a matter . . . shall not thereafter use information relating to the representation to the disadvantage of the former client . . . [or] reveal information relating to the representation. . . ." Defense counsel proposed to resolve the conflict between the duty to protect his former client's confidential information, and the duty to use the information to zealously defend his current client, by obtaining Edwards's consent to allow him to

---

[2] Subsection (a) of Rule 6.1 provides: "A lawyer shall maintain in confidence all information gained in the professional relationship with a client, including information which the client has requested to be held inviolate or the disclosure of which would be embarrassing or would likely be detrimental to the client, unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, or are required by these Rules or other law, or by order of the court." The duty of confidentiality set forth in subsection (a) continues after the client-lawyer relationship has ended. Rule 6.1 (e). Nothing in the record shows that the former client, the victim's mother, consented to disclosure of the confidential information at issue, or that the information was subject to disclosure "to carry out the representation," or otherwise required by the Rules of Professional Conduct, other law, or by court order.

continue as defense counsel at the trial without using the information to cross-examine or impeach his former client as a witness for the state. Essentially, Edwards attempted to waive his right to conflict-free counsel under circumstances where his defense counsel's loyalties were divided by the above-stated ethical duties. The general rule applicable to the conflict of interest is set forth in Rule 1.7 which provides in subsection (a) that: "A lawyer shall not represent or continue to represent a client if there is a significant risk that the . . . lawyer's duties to . . . a former client . . . will materially and adversely affect the representation of the client, except as permitted in [subsection] (b)." Under subsection (b) (1)-(3) of Rule 1.7, a conflict described in subsection (a) may be waived "but only if *both* the current and former clients consent after consultation with the attorney, have received in writing reasonable and adequate information about the material risks of [and reasonable available alternatives to] the representation, and have been given the opportunity to consult with independent counsel." *Registe*, 287 Ga. at 547.[3]

---

[3] Rule 1.7 (c) (3) further provides that the conflict cannot be waived by an affected client's informed consent where "the representation . . . involves circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients."

We find that, pursuant to the relevant ethical rules, the trial court did not abuse its discretion by refusing to accept the attempted waiver of the conflict and by disqualifying defense counsel. The record shows that the attempted waiver of the conflict was ineffective because it failed to comply with the requirements in Rule 1.7 (b). To waive the conflict created by defense counsel's divided loyalties to his former and current clients required the informed consent of both the former client (the victim's mother) and the current client (Edwards). Rule 1.7 (b); *Registe*, 287 Ga. at 547. There was no consent from the victim's mother. Apart from the lack of consent from defense counsel's former client, the consent obtained from Edwards was not "informed consent" pursuant to the requirements in subsection (b) (1)-(3), which require that consent be confirmed in writing, after consultation with the lawyer, after receiving in writing reasonable and adequate information about the material risks of and available alternatives to the representation, and after being given the opportunity to consult with independent counsel. Although the record before the trial court showed that Edwards consulted with his defense counsel about the conflict prior to the trial court's ruling, nothing was presented to the court prior to the ruling showing that Edwards consented in writing, received the required information in writing about risks and alternatives, or had the opportunity to consult with independent counsel.

9

Evidence that, during Edwards's initial consultation with his public defender defense counsel, he consulted with another public defender from the same office, did not satisfy the requirement for an opportunity to consult with independent counsel. See *In re Formal Advisory Opinion 10-1*, 293 Ga. 397, 398 (744 SE2d 798) (2013). The written waiver filed by Edwards over five months after the trial court rejected the oral waiver and disqualified defense counsel was untimely and failed to satisfy the requirements of Rule 1.7 (b).

The record showed at least a serious potential for a conflict of interest, which ethically barred defense counsel from representing Edwards at the trial. Rule 1.7. Edward's attempted waiver of the conflict was ineffective under the relevant ethical rules, so the trial court did not abuse its discretion by refusing the waiver and disqualifying defense counsel. In the absence of an effective waiver of the right to conflict-free representation,[4] allowing the trial to proceed to verdict would have created a serious potential for error sufficient to allow Edwards to obtain reversal of

---

[4] "Where a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U. S. 261, 271 (101 SCt 1097, 67 LE2d 220) (1981). "Effective counsel is counsel free from conflicts of interest." *Garland v. State*, 283 Ga. 201, 202 (657 SE2d 842) (2008).

any guilty verdict by claiming on appeal that he was prejudiced by the conflict.[5]

*Illinois v. Somerville*, 410 U. S. 458, 464 (93 SCt 1066, 35 LE2d 425) (1973) (manifest necessity for mistrial where verdict of conviction could be reached but would have to be reversed on appeal due to obvious procedural error). Because a trial under these circumstances would have been inconsistent with the public interest in a fair trial, conducted in accordance with ethical standards, designed to end in a just judgment, the trial court did not abuse its discretion by concluding that "manifest necessity" existed for the mistrial. It follows that the trial court did not err by denying Edward's subsequent plea in bar.

*Judgment affirmed. Doyle, C. J., concurs. Ray, J., concurs in judgment only*.

---

[5] "[P]rejudice is presumed 'if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance.' *Burger* [*v. Kemp*, 483 U. S. 776, 783 (III) (107 SCt 3114, 97 LE2d 638) (1987)]." *Tolbert v. State*, 298 Ga. 147, 150, n. 4 (780 SE2d 298) (2015).