NATHAN CHRISTMAS, plaintiff in error. *vs.* THE STATE OF GEORGIA, defendant in error.

(TRIPPE, Judge, was providentially prevented from presiding in this case.)

The finding of "no bill" by two successive grand juries, on a bill of indictment for a crime, does not entitle the person charged, to an order upon the minutes of the superior court discharging him "from offense or crime therein contained."

Criminal law.   Before Judge HARRIS.   Dooly Superior Court.   March Term, 1874.

Counsel for Christmas proposed to take the following order:

" THE STATE *vs.* NATHAN CHRISTMAS.

" *September Term*, 1873.   *Indictment for assault with intent to rape, and no bill by the grand jury.*

" THE STATE *vs.* NATHAN CHRISTMAS.

" *Indictment for assault and battery, March Term*, 1874, *and no bill.*

" It appearing to the court that the above bills charge the defendant in the same transaction, and on the same day, with the same offense in law, and that two successive grand juries have ignored the respective bills, it is ordered by the court that the defendant be discharged from the offense or crime therein contained, and go hence without a day."

The court refused to allow the order, and Christmas excepted.

W. A. HAWKINS; W. W. BROWN; PHIL. COOK, for plaintiff in error.

ROLLIN A. STANLEY, solicitor general; C. T. GOODE, by brief, for the state.

Blun & Sterne *vs.* Holitzer.

. McCay, Judge.

Under the facts stated in the judge's certificate, to-wit: that on this application being made, the solicitor general replied that he was about to present another bill, and that he expected to prove the two "no bills" had been procured by the fraud of the defendant, we think it was eminently proper in the judge to refuse the order asked for. But we do not think the order was a proper one had there been no such statement by the solicitor general. The Code does not contemplate that two "no bills" shall entitle the person charged to a judgment of acquittal, or to a discharge from the crime. It simply provides that they "shall be a bar to another indictment, unless they have been procured by the *fraudulent conduct* of the person charged, on proof of which or of *newly discovered* evidence, the judge *may allow* a third bill to be presented, found and prosecuted:" Code, 4708. This is a very different thing from an acquittal or final discharge by a judgment of the court. The two returns of no bill are on the minutes; they stand there for what they are worth, and whatever may be their legal effect they need no new order or judgment of the court. Perhaps on two such returns a prisoner might be discharged from arrest; but the order sought here is for more than that, and would, perhaps, if granted, bar the third indictment, even under the conditions provided for.

Judgment affirmed.