## BIRD *v.* THE STATE.

1. Where a grand jury had been properly drawn, summoned, and impaneled to serve during a term of court continuing two weeks, and, having completed their work at or near the end of the first week, were discharged by the court for the term, and on the day following their discharge a homicide was committed in the county in which the court was being held, and the court by appropriate written order directed the sheriff and regular bailiffs sworn at the term of the court then being held to resummon the same grand jury to reconvene during the second week of the court for the purpose of investigating the case of the person charged with the murder of the person killed, and also to take into consideration any other matter that might legally come before the grand jury during the

term, such reconvoking of the grand jury was legal, and an indictment properly found by them against such person was also legal.

(a) The order of the court reconvening the grand jury, after they had been discharged, had the effect of abrogating the former order of discharge.

2. Under the facts of this case there was no abuse of discretion in overruling the motion for a continuance.

3. One who loans money to another for the purpose of paying counsel to assist the solicitor-general in the prosecution of a case of the State against one charged with murder is not disqualified to serve as a juror on the trial of such a case, where it does not appear that the juror has any interest in the prosecution, or is otherwise disqualified.

4. The requests to charge the jury were substantially covered by the general charge of the court, and it was not error to decline them.

5. Under the evidence in this case voluntary and involuntary manslaughter were not involved, and the court did not err in failing to charge the jury the law applicable thereto.

6. Where complaint is made that the solicitor-general, during the trial of the case, indulged in improper remarks to the jury, but no objection was made thereto at the time and no ruling was invoked, this will not require a new trial. *Herndon* v. *State,* 111 *Ga.* 178 (3), 181, and cases cited (36 S. E. 634).

7. The remaining assignments of error are without substantial merit. The verdict is supported by the evidence.

OCTOBER 14, 1914.

Indictment for murder. Before Judge James B. Park. Jasper superior court. April 27, 1914.

*A. Y. Clement, B. F. Leveretle,* and *H. T. Pope,* for plaintiff in error. *Warren Grice, attorney-general,* and *Joseph E. Pottle, solicitor-general,* contra.

HILL, J. Will Bird was indicted for the offense of murder, and the jury returned a verdict against him, without recommendation. A motion for a new trial was overruled, and he excepted.

1. Upon being arraigned in the court below the defendant filed his plea in abatement to the indictment, alleging that because of the facts therein averred the indictment was illegal and void and wanting in the essential features of a legal indictment, by reason of the following: The February term, 1914, of Jasper superior court convened on the third Monday in February, 1914, being the 16th day of the month, and the grand jury regularly selected, chosen, and sworn for that term completed their work and returned their presentments and recommendations into court, and were discharged for the term on Friday, February 20, 1914. On Saturday night, February 21, the homicide for which the defendant was indicted was

committed. The superior court of Jasper county may hold for two weeks, under the law. It being in session the second week, the presiding judge, on Wednesday, February 25, recalled the 21 members of the grand jury which had been discharged on Friday of the previous week, for the purpose of considering the return of an indictment against the defendant. It was alleged, that the grand jurors who returned the indictment were not legally drawn, summoned, or impaneled to investigate the case, but the presiding judge instructed the sheriff of Jasper county to summon the grand jurors who had been discharged for the term on Friday of the previous week to appear at court on Wednesday, February 25, for the purpose of taking action on the homicide which occurred since their discharge; that the jurors thus notified by telephone or verbal message assembled on the 25th, during the second week of court, and, without being sworn or taking the oath required to be administered to grand jurors, proceeded to return the indictment against defendant; that after the grand jury had been discharged it ceased to exist as the grand jury for the February term, 1914, of Jasper superior court, and the jurors had no legal right or power to return an indictment after their discharge; that section 866 of the Penal Code contemplates and requires that where the superior court is held for a longer term than one week, as in the case of Jasper superior court, the presiding judge shall draw separate panels of grand jurors for each week, if the public interest, in his opinion, requires a grand jury's services for more than one week, which requirement was not observed in the instant case; that a compliance with the requirements prescribed by law as to the selection, summoning, and swearing of grand jurors before they enter upon their service as such jurors is essential to constitute a legal grand jury, otherwise they are not legally qualified to act; and that the mere fact that the 21 men who returned the indictment had been grand jurors for the February term of court until they were discharged for the term did not ipso facto qualify them to act in the present case without being again selected, summoned, and sworn, for that their functions and qualifications as grand jurors for the February term, 1914, of Jasper superior court expired and ceased instantly upon their discharge for the term. An oral demurrer to this plea was sustained, and the defendant excepted. The order of the court (which by consent was considered a part of the plea) directed the sheriff and regular bailiffs

sworn at the February term of court to resummon the grand jury to reconvene on February 25, 1914, "for the purpose of investigating the case of the State v. Will Bird, charged with the offense of murder. . . And also to take into consideration any other matter that may legally come before them during the present term of the court."

The exact question here raised seems never to have been decided by this court. But in several outside jurisdictions we find decisions directly in point. In State of Iowa v. Reid, 20 Iowa, 413 (7), it was held that "The district court has power to recall a grand jury to pass upon offenses committed after their discharge and before the adjournment of the term." See also the body of the opinion on pages 422-423, where the statement of the case by Wright, J., shows it to be very similar to the instant one as to the discharge of the grand jury and the reconvening of it. In Wilson v. State, 32 Texas, 112, a grand jury, after serving about two weeks, was discharged by order of the court. At a subsequent day of the same court the same persons who composed the grand jury were reassembled in court; and the court by order set aside its former order discharging the grand jury, and directed them to proceed to the discharge of their duties as originally charged. The indictment in this case was for murder committed at a time between the discharge of the grand jury and its reorganization, and was found by the grand jury after being so reorganized. It was held "that there was no error in the proceedings, and the indictment was found by a lawful grand jury." See, to the same effect, Newman v. State, 43 Texas, 525; Long v. State, 46 Ind. 582. In Green v. State, 60 Fla. 22 (53 So. 610), it was held that "A grand jury that has been discharged or dismissed may be recalled and reassembled during the same term of the court, and indictments then properly returned by them are valid; and it is not necessary in such a case for the judge to make a formal order vacating his order discharging such grand jury, since the order recalling them is tantamount to a vacation of the order discharging them." See also Cannon v. State, 62 Fla. 20 (57 So. 240); 17 Am. & Eng. Enc. Law, 1298; 20 Cyc. 1324.

We think the court did not err in sustaining the demurrer to the plea in abatement. This ruling is based on the inherent power of the court to hold the organization of the court intact until the end of the term. Where the grand jury is properly drawn, summoned,

and impaneled for the term, the court may require them to serve for the term. And if they are discharged before the end of the term, the court may by appropriate order, as was done in this case, reconvoke them to appear and serve until the end of the term, or for any specified period within that term, and such order will be considered as a vacation of the discharge of the jury. No allegation is made that the jurors resummoned were not the same as those who had been previously drawn, summoned and impaneled, or that they were for any reason otherwise disqualified from serving as grand jurors.

2. Headnotes 2 to 7, inclusive, require no elaboration. The assignments of error not specially dealt with are without substantial merit. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*