### 24708.  LOWRY, sheriff, *v.* THOMPSON.

Decided March 23, 1936.

*James T. Wright, J. Walter LeCraw,* for plaintiff in error.
*Robert F. Turnipseed, A. R. Bailey,* contra.

MacIntyre, J.  Under the common law, "When the grand jury

have heard the evidence, if they think it a groundless accusation, they used formerly to indorse on the back of the bill, 'ignoramus'; or, we know nothing of it: intimating, that though the facts might possibly be true, that truth did not appear to them; but now, they assert in English more absolutely, 'not a true bill'; or (which is the better way) 'not found'; and then the party is discharged without further answer. But a fresh bill may afterwards be preferred to a subsequent grand jury." 4 Chitty's Blackstone, 305. An act approved January 29, 1850, which is set out in Cobb's Digest, 863, is entitled "An act to protect the people of this State from vexatious prosecutions in cases where grand juries may hereafter refuse to find true bills." The preamble of this act is as follows: "Whereas, by existing laws, persons charged with crimes or misdemeanors are subject to be indicted on the same charge at different terms of our superior court, notwithstanding a grand jury, on an investigation of the charge or charges, may ignore a bill or bills of indictment and refuse to find a bill predicated upon such charge or charges, which is contrary to justice; and for remedy whereof." And then follows the act itself, which is condensed in the Code of 1933, § 27-702, as follows: "Two returns of 'no bill' by grand juries, on the same charge or accusation, shall be a bar to any future prosecution for the same offense, either under the same or another name, unless such returns have been procured by the fraudulent conduct of the person charged, on proof of which, or of newly discovered evidence, the judge may allow a third bill to be presented, found, and prosecuted." It does not seem to me that this act or Code section has changed the common law with reference to the fact that the defendant is entitled to be discharged without further answer after a return of a (the first) "no bill" (*Gibson* v. *State,* 162 *Ga.* 504, 506, 134 S. E. 326), but the statute was passed, as it says, "to protect the people of this State from vexatious prosecutions in cases where grand juries may hereafter refuse to find true bills"; and even though the prisoner is entitled to his discharge after the return of the first "no bill," without further answer, yet the mere statement of an attorney for the prisoner to the jailer on Saturday that the prisoner should be discharged because the grand jury, on investigation of the charge made against him, had returned a first "no bill" is not sufficient proof of said return, where the jailer wants further proof and de-

mands it. And where the defendant's attorney on the following Monday, as requested by the jailer, furnished the further proof, to wit, a written notice from the solicitor-general that a "no bill" had been found, "and, there being no further charges against him in this court, you are authorized to release him from custody so far as this court is concerned," and the jailer on the receipt of such proof immediately discharged the prisoner, the prisoner can not recover for false imprisonment. The mere statement of the prisoner's attorney, as stated above, would not be such notice as would be conclusive on the sheriff or jailer, and would not be such notice as the jailer must then act on immediately at his peril; and even if it charged the jailer with the duty of making further inquiry before taking further action, he would be entitled to a reasonable time for this purpose. See Dans v. Bowe, 118 N. Y. 55 (26 N. E. 166). I am cognizant of the fact that the Supreme Court of Georgia, in *Christmas* v. *State*, 53 *Ga.* 81, held: "The finding of 'no bill' by two successive grand juries, on a bill of indictment for a crime, does not entitle the person charged to an order upon the minutes of the superior court discharging him 'from offense or crime therein contained.'" The court further said that the Code simply provides that the two "no bills" "shall be a bar to another indictment unless," etc. The court remarked incidentally, "Perhaps on two such returns [of "no bill"] a prisoner might be discharged from arrest." Code of 1933, § 27-702. It will be noted that the court had under consideration the returns of "no bill" by two successive grand juries, and it nowhere decided that upon the return of "no bill" as in this case, or two returns of "no bill" as in that case, the prisoner should not be discharged without further answer as was the rule at common law. It will further be noted that in the *Christmas* case the court said: "The two returns of no bill are on the minutes; they stand there for what they are' worth; and whatever may be their legal effect, they need no new order or judgment of the court." It may likewise be said that the return of the first "no bill" if it is on the minutes of the court, stands there for what it is worth; and whatever may be its legal effect, it needs no new order or judgment of the court.

Applying the rules stated above to the facts in this case, the court erred in adjudging that the evidence demanded a verdict

74

for the plaintiff. *Phillips* v. *So. Ry. Co.,* 112 *Ga.* 197 (37 S. E. 418).

*Judgment reversed. Guerry, J., concurs specially. Broyles, C. J., dissents.*

GUERRY, J. I concur in the result, though not in all that is said. In my opinion, a sheriff, who has in his custody a prisoner who has been regularly and legally committed to his custody and has been directed to keep such prisoner until "discharged by due process of law," is not liable for damages in an action for alleged false imprisonment, where it appears that the grand jury, upon an investigation of the charge, has returned a "no bill," but before the court, or the solicitor-general speaking for the court, has directed him to discharge such prisoner. The effect of a return of a "no bill" by a grand jury is a question for judicial determination, and the sheriff does not subject himself to a suit for false imprisonment by holding the prisoner until he is given direction by the court or the solicitor-general.

I do not think the writ of error should be dismissed for lack of proper assignments of error. I may first state that counsel have not raised such a question. The Code of 1933, § 110-104, provides that "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." In the present case there is no conflict in the evidence, and no error is assigned on such ground. There was no issue to be submitted to the jury on the right to recover, but only as to the amount of recovery in the event plaintiff could recover. The evidence demanded a verdict on that point in favor of the defendant. The court directed it in favor of the plaintiff, and the defendant brought the case to this court, assigning this action as error. In *Kelly* v. *Strouse,* 116 *Ga.* 872 (43 S. E. 280), it was said: "When it is clear that in point of law the action will not lie, a judgment in favor of the plaintiff will be reversed on writ of error." It is further said: "An assignment of error upon the direction of a verdict sufficiently presents for decision the question whether or not, under the pleadings *and the evidence* [italics mine], the party in whose favor the verdict was directed is entitled to prevail." Further: "An assignment of error in these words: 'the court committed error in di-

recting a verdict for the plaintiff, under the pleadings in the case and the evidence submitted to the jury,' is a 'special assignment of error' presenting for decision the question whether the facts alleged in the petition and *shown by the evidence* [italics mine] were sufficient in law to authorize a recovery by the plaintiff." See also *Howell* v. *Pennington*, 118 *Ga.* 494 (2) (45 S. E. 272) ; *Anderson* v. *Walker*, 114 *Ga.* 505 (40 S. E. 705) ; *Meeks* v. *Meeks*, 5 *Ga. App.* 394 (63 S. E. 270) ; *Manning* v. *Gettys*, 48 *Ga. App.* 203 (172 S. E. 571). In *Savannah Trust Co.* v. *National Bank of Savannah*, 16 *Ga. App.* 706 (86 S. E. 49), the following language is apposite to the case at bar: "In the present case there was no conflict in the evidence whatever, and the only issue presented for determination by the court below was altogether one of law. Hence an assignment of error which complains of the direction of a verdict by the court in favor of the defendant, and further complains that such direction was error, presents for our consideration a question of law, which may be determined by an examination of the evidence which the trial court adjudged demanded a verdict in behalf of the defendant." See cases cited in that opinion. For the reasons above stated I am of the opinion that the judgment of the lower court should be reversed.

BROYLES, C. J., dissenting. In my opinion this case is controlled by the numerous and repeated decisions of the Supreme Court and this court which hold that where a case has been tried before a jury and a verdict rendered therein, even where the verdict was directed by the court, if the losing party desires to test the sufficiency of the evidence to support the verdict, *a motion for a new trial is indispensable,* and "the sufficiency of the evidence to sustain a verdict will not be considered by this court upon a direct bill of exceptions. *The question must be made and passed upon in the court below, by a motion for a new trial."* (Italics mine.) *Bacon* v. *Jones*, 117 *Ga.* 497 (2) (43 S. E. 689) ; *Beall* v. *Mineral Tone Co.*, 167 *Ga.* 667 (146 S. E. 473) ; *Sanders* v. *State*, 84 *Ga.* 217 (10 S. E. 629), and cit.; *Mobley* v. *Ellis*, 37 *Ga. App.* 683 (141 S. E. 321), and cit.; *Hamilton Bank* v. *Robertson*, 177 *Ga.* 734 (171 S. E. 293). The instant case was tried before a jury, and a verdict in favor of the plaintiff was directed, and was so returned by the jury. The defendant, without moving for a new trial, brought the case to this court by a direct bill of excep-

tions reciting that the judge directed the verdict in favor of the plaintiff, but assigning error on said direction only as follows: "Plaintiff in error assigns error upon the ruling of the court in directing a verdict in favor of the plaintiff, and leaving to the jury only the amount of damages [to be] awarded against the defendant." Clearly this assignment of error does not "raise the point that the direction of the verdict was erroneous because there were questions of fact that should have been submitted to the jury, and therefore no such question is presented for decision." *Hamilton Bank* v. *Robertson*, supra, and cit.; *Mobley* v. *Ellis*, supra, and cit. In my opinion none of the assignments of error in the bill of exceptions raises any question for the consideration of this court. I think the judgment should be affirmed.