## A90A1411. THE STATE v. BYRD.
(399 SE2d 267)

POPE, Judge.

The parties to this appeal stipulated the following facts and entered the stipulation in the record. "In March, 1989, the Grand Jury for Catoosa County was summoned, sworn and charged. The Grand Jury served during the week of March 6, 1989, at which time the jurors were discharged. On May 17, 1989, the Grand Jurors again met at which time the indictment was returned against Marilyn Byrd. In this case however, the Court did not order the Grand Jurors to be reconvened. The Clerk did not summons the Jurors back into session. The Grand Jurors were not resworn. The Grand Jurors were not recharged. In fact, when the Grand Jurors began meeting on May 12, 1989, no Superior Court Judge was even in attendance at the courthouse until later in the day. The Judge arrived prior to 10:00 a.m. while the Grand Jury was still meeting on May 17, 1989. The indict-

ment was returned to the presiding Judge in open court later that day by the Bailiff who had been sworn to serve the same Grand Jury when they met in March, 1989. The District Attorney had verbally communicated to the Judge that the District Attorney intended to have the Grand Jury return on May 17, 1989. However, no order was entered." (Indention and numbering omitted.) On these facts, the trial court granted appellee/defendant Byrd's motion to quash the indictment on the basis that the grand jury was not properly convened because it had not been reconvened pursuant to an order of the court and summons by the clerk of the court and had not been recharged. The State brings this appeal from that order. *Held*:

The issue on appeal is: May a properly constituted grand jury, discharged earlier in term, but subject to recall, reconvene in the same term without an order of the superior court and without being recharged, and conduct business? Our answer is no, and we affirm the ruling of the trial court.

The trial court apparently relied upon *Bird v. State*, 142 Ga. 596 (1) (83 SE 238) (1914), as authority for the proposition that the court must issue an order to properly reconvene a grand jury. In *Bird*, the grand jury had been properly drawn, summoned and sworn and had completed its business at or near the end of the first week of the two-week term of court. The trial court discharged the grand jury for the term. The day following the discharge a homicide occurred. The court then issued a written order resummoning and reconvening the same grand jury previously discharged. The Supreme Court approved this procedure holding: "Where the grand jury is properly drawn, summoned, and impaneled for the term, the court may require them to serve for the term. And if they are discharged before the end of the term, the court may by appropriate order . . . reconvoke them to appear and serve until the end of the term, or for any specified period within that term, and such order will be considered as a vacation of the discharge of the jury." Id. at 599-600. "The grand jury is but an arm of the superior court. . . ." *Gates v. State*, 73 Ga. App. 824, 826 (38 SE2d 311) (1946).

The State correctly notes the paucity of statutory or case law on this issue. However, we cannot agree with the proposition advanced by the State that the grand jury has the power to meet on its own and return indictments. *Thompson v. State*, 109 Ga. 272 (34 SE 579) (1899), relied upon by the State, contains the statement by the court that "the grand jury on their own motion, whether they are so charged or not, may investigate any supposed violation of law, and may after such investigation make a special presentment of any person who has been shown to have violated any of the penal laws." Id. at 276. We note that this statement was contained in dicta discussing the various means by which a grand jury might prefer charges, i.e.,

upon the endorsement of the prosecutor or the charge of the judge of the court or on its own motion. However, in each instance, a fair reading of the opinion indicates an assumption of the court that the grand jury was not only in term, but was also in session. This distinguishes that abstract statement from the present case and from *Bird,* supra.

It is the institution of the court and not the individual judge that is paramount: "The requirement that indictments be returned into open court is manifestly one that they be returned to the court, not to the judge, for it is the court, not the judge, upon which the Constitution and the law confer general jurisdiction of criminal cases. Judges of the superior courts are clothed with many powers, and vested with much authority . . . but they are not clothed with power or authority to receive indictments from the grand jury. The court, not the judge, must do that. The judge is the court for the reception of indictments only when he is presiding in *open court.* There must be a judge presiding, the clerk must be present, and the place of the reception of the indictment must be one where the court is being held open to the public. [Cit.]" *Cadle v. State,* 101 Ga. App. 175, 180 (113 SE2d 180) (1960). "It is a fundamental part of our judicial system that the general public be permitted to witness court proceedings sufficiently to guarantee that there may never be practiced in this State secret or star-chamber court proceedings, the deliberations of the juries alone excepted." *Zugar v. State,* 194 Ga. 285, 289-290 (21 SE2d 647) (1942). "It is not enough to know that in this State there is hardly a chance that bogus indictments for personal spite will be filed in our courts. The preservation of the honor and purity of the courts, the confidence and respect of the public in those courts, and the good name of the citizens must not be left to chance. . . ." *Zugar,* supra at 291.

Public confidence and respect for the institution of the grand jury require that it operate only in conjunction with the institution of the superior court. We hold that the trial court correctly ruled that a grand jury, properly drawn, duly summoned and sworn and then discharged, may reconvene in the same term only upon order of the superior court and must be recharged. Although the requirement of recharge was not set out in *Bird,* supra, we believe that the better practice is to require recharge to ensure public confidence that the grand jury is operating in conformity with the law.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 20, 1990.

*Ralph Van Pelt, Jr., District Attorney, John L. O'Dell, Assistant District Attorney,* for appellant.

*Christopher A. Townley*, for appellee.