## A92A0840. WARD v. THE STATE.
(423 SE2d 22)

COOPER, Judge.

Appellant moved to quash his indictment based on this court's decision in *State v. Byrd*, 197 Ga. App. 661 (399 SE2d 267) (1990). The trial court denied the motion to quash but certified its order for immediate review, and we granted appellant's application for interlocutory appeal.

Undisputed facts in the record show that in September 1990, the Grand Jury for Jackson County was summoned, sworn, and charged. The grand jurors served during the week of September 4, 1990, and at the conclusion of the week were paid for their service and dismissed. The district attorney told the grand jurors at that time that they would need to return the first week in December. The grand jury met again three months later, on December 3, 1990, at which time indictments were returned against appellant and others. The court did not order the grand jurors to return that first week in December and the clerk of court did not summon them back. The returning grand jurors were not recharged and were not resworn. The record also contains a letter from the district attorney to all grand jurors dated November 9, 1990, reminding them that "[t]he grand jury is scheduled to reconvene" on December 3, 1990, and a copy of the 1990 Court Calendar for the Piedmont Judicial Circuit showing that the Grand Jury for Jackson County was scheduled to meet in December as well as September. The district attorney testified at the hearing on the motion to quash that the court calendar was issued by the court prior to the beginning of the year, indicating that the December session was in fact scheduled by the court rather than the district attorney. He also testified that the regular practice in Jackson County was to call two grand juries a year, each meeting two times, three months apart; that there was never a second summons, swearing, or charging for the second session; and that even the first summons was never pursuant to a written court order signed by a judge of the superior court.

"[A] grand jury, properly drawn, duly summoned and sworn and then discharged, may reconvene in the same term only upon order of the superior court and must be recharged." *State v. Byrd*, supra at 663. We agree with appellant that this case is controlled by *Byrd*. The grand jury in *Byrd* was duly summoned, sworn, and charged. After serving for one week, the grand jurors were discharged subject to recall. A little more than two months later, the grand jurors were recalled to service by the district attorney, without an order or summons from the court. As here, the grand jurors were not recharged or resworn. Under these circumstances, this court held Byrd's indictment was properly quashed on the grounds that the grand jury had not been properly reconvened pursuant to an order of the court and

486

summons by the clerk of the court and had not been recharged. Id. at 661-662.

The State distinguishes *Byrd* on the grounds that (1) the grand jury in *Byrd* was "discharged" subject to recall by the district attorney at an unspecified later date, while the grand jury in the instant case was "dismissed" with instructions from the district attorney to return on a specified date three months later; and (2) the date for reconvening the grand jury in *Byrd* was apparently scheduled by the district attorney, while the date for reconvening the grand jury in the instant case was apparently set by the court in advance. While the State's distinctions are not totally irrelevant, they miss the real import of *Byrd*. For in *Byrd* the concern was not with technicalities but with practicalities and the perceptions of the public and the grand jurors themselves. At issue was whether, as a practical matter, the grand jurors would remember their oaths and the public would perceive the grand jurors as still bound by them; and whether the grand jurors and the public might perceive the grand jury as a tool of the prosecutor rather than an arm of the court. Id. at 663. Even if the grand jurors in this case were not officially released from their oaths and obligations after their first week of service, three months passed between sessions of the grand jury, during which time the grand jurors had resumed their normal, daily lives. In addition, even if the second week of grand jury service was actually scheduled by the court rather than the district attorney, it could certainly have appeared to the grand jurors from the communications they received that it was the district attorney rather than the court which reconvened the grand jury. Thus, under *Byrd*, the grand jurors needed to be recharged, and they needed to receive some direction to reconvene from the court rather than the district attorney, either in the form of a court order, a summons from the clerk of court, or both.

The State also contends that *Byrd* is distinguishable because the indictment in *Byrd* was not returned in open court to a superior court judge, while the indictment in this case was. However, this contention is factually inaccurate, as the stipulated facts in *Byrd* state that "[t]he indictment was returned to the presiding Judge in open court later that day. . . ." Id. at 661-662. The State's suggestion that *Byrd* is different because the reconvened grand jury in *Byrd* considered only Byrd's case, while the reconvened grand jury here considered many, is also unavailing. That the grand jury in *Byrd* reconvened to consider only Byrd's indictment was not discussed or even mentioned in the *Byrd* opinion. Assuming it to be true, therefore, we evidently did not consider it a factor important to our decision. Accordingly, the motion to quash appellant's indictment should have been granted.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

Decided September 15, 1992.

*H. Bradford Morris, Jr., Jack S. Davidson,* for appellant.
*Timothy G. Madison, District Attorney,* for appellee.