A92A2120. GARCIA v. THE STATE.
(429 SE2d 164)

COOPER, Judge.

Appellant was indicted for practicing medicine without a license and numerous violations of the Georgia Controlled Substances Act and the Georgia Dangerous Drug Act. The charges stemmed from an investigation into allegations that appellant was prescribing controlled substances without a legitimate medical purpose while his license was not in current status. The jury returned a verdict of guilty on most of the charges, and appellant appeals from the judgment of conviction and sentence entered on the jury's verdict and from the denial of his motion for new trial.

Prior to arraignment, appellant filed extensive pretrial motions, including a motion to quash the indictment. One of the grounds alleged in his motion to quash was the improper reconvening of the grand jury. Appellant contended that in November 1990, the grand jury for Upson County had been summoned, sworn and charged; that on November 5, 1990 the grand jurors were discharged; that on January 11, 1991, the grand jurors reconvened, without order of the court and without being resworn or recharged, and returned the indictment against appellant. The State moved to dismiss appellant's motion to quash, arguing that the motion to quash was improper because appellant's motion alleged deficiencies which did not appear on the face of the indictment. At a hearing on the motion, the trial judge ruled that the proper way to attack the indictment for a deficiency which did not appear on the face of the indictment was by a plea in abatement. Appellant's counsel requested that the trial judge treat that portion of the motion to quash as a plea in abatement, but the trial judge refused to either treat the motion as a plea in abatement or grant appellant leave to file a plea in abatement. The trial judge then granted the State's motion to dismiss the motion to quash as it related to those grounds which alleged deficiencies not appearing on the face of the indictment.

In *State v. Byrd*, 197 Ga. App. 661 (399 SE2d 267) (1990), the State appealed the trial court's grant of a defendant's motion to

quash the indictment on the grounds that the grand jury had not properly reconvened. This court held that "a grand jury, properly drawn, duly summoned and sworn and then discharged, may reconvene in the same term only upon order of the superior court and must be recharged." *Byrd*, supra at 663. We reaffirmed this holding in *Ward v. State*, 205 Ga. App. 485 (423 SE2d 22) (1992) in which we reversed the trial court's denial of the defendant's motion to quash made on the same ground as the motion in *Byrd*. Although a motion to quash is not the proper method of attacking an indictment for a defect which does not appear on the face of the indictment (*State v. Houston*, 134 Ga. App. 36 (1) (213 SE2d 139), rev'd in part on other grounds, 234 Ga. 721 (218 SE2d 13) (1975)), Georgia courts have long recognized authority for treating motions to quash as pleas in abatement. See *Bryant v. State*, 224 Ga. 235 (161 SE2d 312) (1968); *Houston*, supra at (2); cf. *Allen v. State*, 110 Ga. App. 56 (137 SE2d 711) (1964) (trial court should have allowed defendant to present evidence in support of his motion to quash challenging manner of selecting grand jurors). Appellant timely filed a motion which challenged the improper reconvening of the grand jury which indicted him. He stated facts in his motion which, if supported by the evidence, would form the basis for a dismissal of the indictment against him. *Ward*, supra; *Byrd*, supra. Notably, this issue was raised in both *Ward* and *Byrd* through motions to quash indictments. " 'It is an elementary rule of pleading that substance, not mere nomenclature, controls.' [Cit.]" *Houston*, supra; *McDonald v. State*, 222 Ga. 596 (1) (151 SE2d 121) (1966). The trial court refused to consider the substance of the motion and summarily dismissed parts of appellant's motion because they were properly the subject of a plea in abatement. We conclude that the trial judge erred in not allowing appellant to present evidence in support of his contention that the grand jury was improperly reconvened.

Because of our reversal, it is unnecessary to consider appellant's remaining enumerations of error.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 12, 1993.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.