S93A0689. THE STATE v. GRACE.

(430 SE2d 583)

HUNT, Presiding Justice.

This is an appeal from the trial court's grant of Allen Lee Grace's motion to quash the indictment.[1] The issue presented is whether a grand jury, properly summoned, sworn, and charged by the trial court, and then dismissed, must thereafter be reconvened, resworn, and recharged by the court in order to conduct business during the same term of court. The trial court answered this question in the affirmative. We disagree and reverse.

Here, the grand jury was summoned, sworn, and charged by the court on October 7, 1991. The district attorney then met briefly with the grand jury, released them, and told them they would reconvene on November 4, 1991. The grand jurors were later summoned by the clerk of the court to meet again on November 4, 1991. They met on November 4 and 5, 1991, and, on November 7, 1991, returned the indictment against Grace in open court. The trial court noted the grand jury did not meet in open court when they reconvened on November

[1] This is a murder case in which the state is seeking the death penalty. In a previous appeal, *Grace v. State*, 262 Ga. 485 (422 SE2d 176) (1992) we decided issues unrelated to those presented here.

4, were not resworn, and were not recharged, nor was there a formal order recalling them for duty on November 4, 1991. For these reasons, and based on the Court of Appeals' opinions in *Ward v. State*, 205 Ga. App. 485 (423 SE2d 22) (1992) and *State v. Byrd*, 197 Ga. App. 661 (399 SE2d 267) (1990), the trial court quashed the indictment.

A grand jury must be administered an oath, as set forth in OCGA § 15-12-67 (b)[2] and, as that section clearly contemplates, charged generally regarding their duties.[3] We find nothing in our state statutes or constitution which would require that the grand jury be resummoned by court order, resworn and recharged each time they reconvene during a term to conduct business. See *Long v. State*, 160 Ga. 292, 293 (1) (127 SE 842) (1925). Contrary to the implication in *Ward v. State*, supra at 486, grand jurors, like any sworn officials, elected or otherwise, are presumed to remember their oaths on return from any break in the performance of their duties.[4] Accordingly, we hold that a grand jury properly summoned, sworn, and charged to serve during a particular term of the court, may recess and reconvene as it sees fit to conduct its business in the course of that term, and need not be resworn or recharged by the court during that term.[5] *Ward v. State*, supra, and *State v. Byrd*, supra, are, therefore, overruled, and the trial court's order quashing the indictment is reversed.

---

[2] The oath, to be administered to the foreman and each member of the grand jury, is as follows:

"You, as foreman (or member) of the grand jury for the County of _____, shall diligently inquire and true presentment make of all such matters *and things as shall be given you in charge* or shall come to your knowledge touching the present service; the state's counsel, your fellows', and your own you shall keep secret unless called upon to give evidence thereof in some court of law in this state. You shall present no one from envy, hatred, or malice, nor shall you leave any one unpresented from fear, favor, affection, reward, or the hope thereof, but you shall present all things truly and as they come to your knowledge. So help you God."
(Emphasis supplied.) OCGA § 15-12-67 (b).

[3] Ga. Code Ann. § 59-601 required the trial court to give certain special charges on various subjects including the examination of pension rolls, gaming, vending near campgrounds, interfering with religious worship, duty of clerks to record papers, forest fires, and protection of game and fish. That statute was repealed by the General Assembly in 1973. See Ga. L. 1973, p. 716. We read OCGA § 15-12-67 (b) to require the court to instruct the grand jury regarding its function and duties in a general sense. The specific content of such instructions is left to the discretion of the trial judge. We note also that, pursuant to OCGA § 15-18-6 (2) the district attorney is required, among other duties, to advise the grand juries on legal matters.

[4] As noted by the state in its brief in another case pertaining to the issue presented here, the grand jury is required to consist of "the most experienced, intelligent, and upright citizens of the county . . . ." OCGA § 15-12-40 (a). There is no similar statutory requirement for other state officials, elected or appointed.

[5] In this context we see no distinction among the words "recessed," "dismissed," or "discharged." While a grand jury may set its own schedule, it is, nonetheless, subject to recall by the court, and, once it has been formally discharged from its duties by court order (following its presentments, for example) it could not reconvene absent court order.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 21, 1993.

H. Lamar Cole, District Attorney, Mark E. Mitchell, James E. Hardy, Assistant District Attorneys, Michael J. Bowers, Attorney General, for appellant.
May & Horkan, Dwight H. May, James F. Council, Jr., for appellee.
Dennis C. Sanders, District Attorney from Toombs Circuit, Spencer Lawton, Jr., District Attorney from Eastern Circuit, Michael J. Bowers, Attorney General, Patrick Deering, Assistant Attorney General, Crumbley & Crumbley, Wade M. Crumbley, Groover & Childs, Denmark Groover, Jr., Cook & Palmour, Bobby Lee Cook, Barnes, Browning, Tanksley & Casurella, George T. Smith, Haygood, Lynch, Harris & Melton, Charles B. Haygood, Jr., C. Robert Melton, Joseph L. Chambers, amici curiae.