A93A0586. THE STATE v. ADAMS et al.
(433 SE2d 355)

Johnson, Judge.

Eighteen individuals and ten corporations were indicted for theft, forgery, false statements and racketeering. The trial court entered an order granting the defendants' motion to quash the indictments and purporting to grant the defendants' motion to suppress evidence obtained pursuant to improper grand jury subpoenas. The State appeals from the court's order.

1. The State asserts that the trial court erred in quashing the indictments. The court quashed the indictments because the grand jury, which had been summoned, sworn, discharged and reconvened in the same term, had not been recharged as to its powers and duties before returning the indictments. The trial court based its ruling on *Ward v. State*, 205 Ga. App. 485 (423 SE2d 22) (1992), and *State v. Byrd*, 197 Ga. App. 661 (399 SE2d 267) (1990), in which we held that a grand jury which is discharged and reconvened in the same term must be recharged. In *State v. Grace*, 263 Ga. 220 (430 SE2d 583) (1993), the Supreme Court overruled both *Ward v. State*, supra, and *State v. Byrd*, supra, holding "that a grand jury properly summoned, sworn, and charged to serve during a particular term of the court, may recess and reconvene as it sees fit to conduct its business in the course of that term, and need not be resworn or recharged by the court during that term." Here, the grand jury was properly summoned, sworn, charged, recessed and reconvened during the same term. The fact that the grand jury was not resworn or recharged before returning the indictments does not invalidate them. The trial court's order quashing the indictments therefore must be reversed.

2. The State contends that the trial court erred in granting the defendants' motion to suppress. The trial court, however, did not enter a specific ruling on the motion. Although the court concluded in its written order that evidence obtained by the state pursuant to improper grand jury subpoenas should be suppressed, it did not order the suppression of any specific evidence. The court stated, "In light of [the] order quashing the indictments on other grounds, it is unnecessary for the Court to determine at this time specifically what evidence

was obtained in the manner complained of, but that determination can be made in any subsequent proceeding in which that determination becomes relevant." Absent a specific ruling by the trial court as to the exact pieces of evidence to be excluded, there is nothing for us to review. "[T]his court does not render advisory opinions." *Chambers v. State*, 204 Ga. App. 396 (420 SE2d 393) (1992). "We normally limit our rulings to the specific case or controversy decided by the trial court, and do not venture an opinion as to the legality of future actions which may or may not occur." (Citations, punctuation and emphasis omitted.) *Sentry Insurance v. Majeed*, 194 Ga. App. 276, 277 (2) (390 SE2d 269) (1990). We cannot venture an opinion as to what future evidence the trial court may or may not suppress. The State's appeal from the portion of the trial court's order addressing the motion to suppress is premature.

3. The remaining arguments set forth by the parties are either without merit or moot because of our decisions in Divisions 1 and 2 of this opinion.

*Judgment reversed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 23, 1993.

Michael J. Bowers, Attorney General, Michael E. Hobbs, Senior Assistant Attorney General, Patrick D. Deering, Assistant Attorney General, John E. Hennelly, Staff Attorney, Joseph L. Chambers, Charles C. Olson, Special Assistant Attorneys General, J. Tom Morgan III, District Attorney, Douglas C. Pullen, District Attorney, Lewis R. Slaton, District Attorney, Stephen F. Lanier, District Attorney, Carl P. Greenberg, Assistant District Attorney, for appellant.

Richard T. Bridges, Mullins & Whalen, Andrew J. Whalen III, Nancy A. Bradford, Groover & Childs, Denmark Groover, Jr., Cook & Palmour, Bobby Lee Cook, Jr., Barnes, Browning, Tanksley & Casurella, George T. Smith, Cramer, Weaver & Edwards, Christopher C. Edwards, P. Benson Ham, Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Steven A. Westby, Arch W. McGarity, Shepherd & Brown, Timothy N. Shepherd, W. Franklin Freeman, Jr., Crumbley & Crumbley, Wade M. Crumbley, for appellees.