A94A0126. BOND v. THE STATE.
(442 SE2d 482)

McMURRAY, Presiding Judge.

An October 13, 1992, indictment charged Sterling Bond, Susan E.

Williams and Joey Saxton Rozier with embracery, alleging that, on or about August 7, 1991, the defendants paid $200 to one Diane Lucas, who had been summoned as a juror, in an attempt to influence her action as a juror. On November 13, 1992, Bond filed a demand for trial pursuant to OCGA § 17-7-170.

Bond waived any defects in the indictment in open court. His co-defendants did not. They moved to quash the indictment, asserting that the grand jury was not recalled to service properly. See generally *State v. Byrd*, 197 Ga. App. 661 (399 SE2d 267), and *Ward v. State*, 205 Ga. App. 485 (423 SE2d 22), overruled in *State v. Grace*, 263 Ga. 220 (430 SE2d 583). The trial court granted the co-defendants' motion to quash and the State moved for a nolle prosequi against Bond, explaining that it desired to reindict all three defendants jointly. The trial court granted the nolle prosequi motion and the defendants were reindicted on May 24, 1993.

Thereafter, Bond moved for a judgment of acquittal, pointing out that two terms of court had passed since he filed his demand for trial and that qualified juries had been empaneled during each of those terms. The State conceded that juries had been empaneled during the term at which the original indictment was returned and the next succeeding term. It asserted, however, that it was entitled to nolle prosequi the indictment against Bond and to reindict him to avoid trying him and his co-defendants (who had successfully moved to quash the indictment) in separate trials. The trial court agreed and denied Bond's motion for a judgment of acquittal. Bond appeals. *Held*:

Inasmuch as more than two terms of court had passed since defendant filed his demand for trial and juries were impaneled for the purpose of trying criminal cases during each of those terms, defendant is entitled to a discharge and acquittal. Why? Because the entry of the nolle prosequi did not prevent defendant from claiming the benefits of OCGA § 17-7-170. *Coker v. State*, 181 Ga. App. 559 (353 SE2d 56). As it is said: "If . . . the crime charged in each indictment was the same crime, the failure of the State to try the defendant at the [succeeding] term after a demand had been entered at the [preceding] term, a jury having been present, entitled the defendant to a discharge; and upon such facts being shown, a subsequent indictment against him for the same crime would be barred." *Hurt v. State*, 62 Ga. App. 878, 879, 880 (10 SE2d 136).

The State's reliance upon *Dalton v. State*, 263 Ga. 138 (429 SE2d 89), is misplaced. In that case, the trial court attempted to comply with the defendant's speedy trial demand by setting the date of trial within two terms of the original indictment. The defendant waived his demand for a speedy trial by moving for a continuance of the trial date. Moreover, it was the defendant's action, in moving to quash the death penalty notice as untimely, that led to his re-indictment. In the

case sub judice, no steps were taken to ensure that defendant was tried within two terms of his speedy trial demand. The State simply nol prossed the indictment and re-indicted defendant on the same charge. True, the re-indictment came because defendant's co-defendants were successful in quashing the indictment and the State wanted to try defendant and his co-defendants together. But, unlike the defendant in *Dalton*, defendant himself took no action which led to the re-indictment or to a waiver of his demand. Compare *Mize v. State*, 262 Ga. 489 (422 SE2d 180).

Of course, the State was not required to try all of the defendants in one case. It could have complied with defendant's demand by prosecuting defendant and his co-defendants separately; but it chose not to do so, at the expense of defendant's right to a speedy trial. This it could not do. A defendant's right to a speedy trial cannot be pushed aside for the State's convenience. *Hurt v. State*, 62 Ga. App. 878, 879, 880, supra.

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED MARCH 28, 1994.

*Randall M. Clark*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.