S97A1352. THE STATE v. GRIFFIN.
(491 SE2d 340)

HINES, Justice.

The State appeals the trial court's grant of Griffin's plea in bar to his indictment for murder. Griffin's plea was based on OCGA § 17-7-53.1 and the fact that a murder indictment against him had previously been quashed by the Superior Court of McIntosh County, as

had one in the Superior Court of Thomas County.[1]

Griffin was first indicted for the murder of Jenny Marie Rhames by a McIntosh County grand jury in 1992. He was tried, a mistrial was declared, and the indictment was later quashed on procedural grounds.[2] Griffin was reindicted for Rhames' murder in McIntosh County in 1993. The trial court denied Griffin's plea of former jeopardy as to this second indictment, Griffin appealed to this Court, and we affirmed. *Griffin v. State*, 264 Ga. 232 (443 SE2d 612) (1994) (*Griffin I*). A nolle prosequi was eventually entered on this indictment.

While the appeal in *Griffin I* was pending, Griffin was indicted in Thomas County for Rhames' murder. This indictment contained the additional charge of kidnapping with bodily injury. The Thomas County court denied Griffin's motion to quash that indictment. Griffin appealed to this Court, and we reversed. *Griffin v. State*, 266 Ga. 115 (464 SE2d 371) (1995) (*Griffin II*).[3] The Thomas County indictment was then quashed in accordance with *Griffin II*.

Griffin was reindicted in Thomas County for the murder and kidnapping. He filed a plea in bar contending that OCGA § 17-7-53.1 prohibited any further prosecution of him for Rhames' murder. The trial court agreed.

OCGA § 17-7-53.1 provides:

> If, upon the return of two "true bills" of indictments or presentments by a grand jury on the same offense, charge, or allegation, the indictments or presentments are quashed for the second time, whether by ruling on a motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion, such actions shall be a bar to any future prosecution of such defendant for the offense, charge, or allegation.

The State contends OCGA § 17-7-53.1 applies only when the quashed indictments are from the grand jury of a single county, but

---

[1] The murder prosecution could proceed in either county under OCGA § 17-2-2 (h). Although the victim's remains were found in McIntosh County, there was evidence she was abducted in Thomas County.

[2] This indictment was quashed based upon *Ward v. State*, 205 Ga. App. 485 (423 SE2d 22) (1992), and *State v. Byrd*, 197 Ga. App. 661 (399 SE2d 267) (1990), which held that grand juries must be recharged when reconvened after dismissal. Both *Ward* and *Byrd* were later overruled in *State v. Grace*, 263 Ga. 220 (430 SE2d 583) (1993).

[3] We held that Thomas County was preempted from exercising jurisdiction at the time of indictment because McIntosh County acquired jurisdiction first and held it exclusively during the pendency of that prosecution. Allowing prosecution in Thomas County would also circumvent and prejudice the double jeopardy question which was the subject of Griffin's then pending appeal from the McIntosh County prosecution.

Griffin contends it applies to two quashed indictments from grand juries of two separate counties.[4]

The cardinal rule of statutory interpretation is to look to the intent of the General Assembly. *Johnson v. State,* 267 Ga. 77, 78 (475 SE2d 595) (1996). In doing so, words are to be given their plain meaning. *Miller v. Ga. Ports Auth.,* 266 Ga. 586, 587 (1) (470 SE2d 426) (1996). It is clear that by using the phrase "indictments or presentments by *a* grand jury," the legislature intended to refer to two quashed indictments from the grand jury of a single county. The statute is plainly phrased in the singular, and common understanding of the phrase would be that it contemplates the grand jury of a single jurisdiction. That common understanding is rooted in the fact that, in this state, each grand jury functions for a single county. Each county carries out its indictment responsibilities separately, with separate officials offering a case for probable cause. The independent role of each county is especially evident in matters of venue and jurisdiction. See *Griffin II,* supra at 115-117 (1).

This legislative intent is also shown by reading OCGA § 17-7-53.1 in conjunction with OCGA § 17-7-53. Both Code sections serve to protect the citizens of this state from vexatious prosecution. See *Lowry v. Thompson,* 53 Ga. App. 71 (184 SE 891) (1936). As such, they are in pari materia and should be read together and harmonized. *Pafford v. Biomet,* 264 Ga. 540, 542 (1) (448 SE2d 347) (1994). OCGA § 17-7-53 provides that "[t]wo returns of 'no bill' by grand juries on the same charge . . . shall be a bar to any further prosecution." By using the plural "grand juries" in OCGA § 17-7-53, the General Assembly clearly intended to address a situation which included grand juries from different counties. Just as clearly, by using the designation "a grand jury" in OCGA § 17-7-53.1, the legislature intended something else.

That the two statutes serve the same general purpose but in distinct ways is evident in the facts that give rise to the operation of each. Under OCGA § 17-7-53, return of two "no bills" shows that grand juries have twice rejected the conclusion that there is probable cause to believe the accused committed the crime in question. See *Spears v. Johnson,* 256 Ga. 518 (350 SE2d 468) (1986). With no prob-

---

[4] *Griffin II* states that the first Thomas County indictment must be quashed, but "[n]othing bars the State from reindicting Griffin for murder in Thomas County or in McIntosh County." 266 Ga. at 117 (1). The State argues that this language controls as the law of the case, which applies in criminal cases as well as civil cases. See *Roulain v. Martin,* 266 Ga. 353, 354 (1) (466 SE2d 837) (1996). However, the earlier appeal operates as the law of the case only for those issues raised and resolved therein. *Whatley v. State,* 218 Ga. App. 608, 611-612 (2) (462 SE2d 779) (1995). The effect of OCGA § 17-7-53.1 was not raised and resolved in *Griffin II,* nor was any issue under the statute yet ripe, and any language in *Griffin II* contemplating future indictment is not the law of the case on this issue.

able cause shown, further prosecution suggests harassment regardless of whether prosecution has arisen in different counties. Before OCGA § 17-7-53.1 is applicable, however, grand juries have twice found there *is* probable cause to believe the accused committed the crime. In such a situation, harassment is far less likely as a motive for further prosecution, a difference that OCGA § 17-7-53.1 recognizes by barring prosecution only when the two indictments that have been quashed originate from the same county's grand jury.

Griffin argues that each prosecutor represents the State, and there is no distinction to be made between the roles they play in different counties. See *State v. Sallie*, 206 Ga. App. 732, 736 (427 SE2d 11) (1992). Although each prosecutor certainly functions as an agent of the State, that does not control the issue. OCGA § 17-7-53.1 is intended to provide protection from harassing prosecution, and thus, in that context, there is reason to distinguish between prosecutorial roles in different counties, and between grand juries in different counties.

As OCGA § 17-7-53.1 applies only when two quashed indictments originate in the grand jury of a single county, Griffin may be prosecuted for Rhames' murder under this indictment.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., Sears and Thompson, JJ., who dissent.*

THOMPSON, Justice, dissenting.

Because I cannot agree that OCGA § 17-7-53.1 applies only to quashed indictments returned by the grand jury of a single county, I must respectfully dissent.

Keeping in mind that criminal statutes must be construed strictly against the State and liberally in favor of the accused, *Bankston v. State*, 258 Ga. 188, 190 (367 SE2d 36) (1988), I can only interpret OCGA § 17-7-53.1 to mean what it says: If two "true bills" of indictments are returned by a grand jury and quashed, any further prosecution is prohibited.

In its introduction to OCGA § 17-7-53.1, the legislature stated that that Code section was designed:

> [T]o provide that if two indictments on the same offense, charge, or allegation are quashed, whether by motion, demurrer, special plea or exception, or other pleading of the defendant or by the court's own motion, such actions shall be a bar to future prosecution for the offense, charge, or allegation. . . .

Ga. L. 1987, p. 529. Notably, the words "grand jury" do not even appear in the legislature's own description of the statute. Thus, the

legislature made it clear when it enacted OCGA § 17-7-53.1 that the focus of that Code section was to be indictments, not grand juries.

The statute itself says nothing about indictments returned by different grand juries, whether in the same county or separate counties. It simply says indictments by "a grand jury." To interpret the words "grand jury" to mean the grand jury of a single county is to strain a gnat and swallow a camel. After all, whenever a statute uses a word in the singular, that word is to be interpreted as encompassing the plural, unless the plural is "expressly excluded" by the statute. OCGA § 1-3-1 (d) (6). Since OCGA § 17-7-53.1 does not expressly exclude the plural use of the words "grand jury," I can only conclude that the legislature intended those words to mean "grand jury" or "grand juries."

My interpretation is consistent with the legislature's goal of protecting an accused from defending multiple indictments. And it is logical. The State is a single sovereign and each and every grand jury returns its indictments on behalf of the State. See *State v. Sallie*, 206 Ga. App. 732, 736 (427 SE2d 11) (1992). To the extent that OCGA § 17-7-53.1 is designed to protect an individual from an abuse of the State's power to indict, it makes no sense to distinguish between the grand jury of one county and that of another.

I am authorized to state that Presiding Justice Fletcher and Justice Sears join in this dissent.

DECIDED OCTOBER 6, 1997 —
RECONSIDERATION DENIED OCTOBER 31, 1997.

*J. David Miller, District Attorney, Mark E. Mitchell, James E. Hardy, Assistant District Attorneys,* for appellant.

*Kirbo, McCalley & Forehand, Thomas L. Kirbo III, Jon V. Forehand, James C. Bonner, Michael Mears,* for appellee.