A04A0753. IN RE LAURENS COUNTY APRIL-JUNE 2001 AND JULY-SEPTEMBER 2001 GRAND JURY.
(598 SE2d 915)

ANDREWS, Presiding Judge.
    The Laurens County Grand Jury which served for both the April-June and July-September 2001 terms appeals from the trial court's order expunging a portion of a presentment regarding investigation of the district attorney's office. The grand jury contends that the trial court erred in denying its motion for special term of court, in expunging material from the presentment, and in concluding that grand jurors could not communicate the information acquired or opinions formed during their investigation regarding the district attorney.
    The following facts are not disputed. The grand jury was properly charged and sworn by Chief Judge Flanders, Jr. of the Dublin Circuit on April 23, 2001. The charge given was legally appropriate and included provisions related to the secrecy of the grand jury proceedings, the legal method of returning presentments, the duty to inspect local offices, including the office of the district attorney, and specific instructions as to how the grand jury could obtain an additional charge from the court on any legal issue that might arise. Each grand juror received a copy of the Grand Jury Handbook published by the Prosecuting Attorneys' Council of Georgia.

---

[2] *Glass v. State*, 255 Ga. App. 390, 395 (3) (565 SE2d 500) (2002); *Sutton*, supra.

Pursuant to local legislation[1] and an order signed by Chief Judge Flanders, Jr., this grand jury served both the April and July 2001 terms of Laurens Superior Court, a period of not more than the legal maximum of six months of service.

In October, during the last days of the July 2001 term, Chief Judge Flanders, Jr. received several documents from the grand jury through the office of Judge Smith, another superior court judge. These documents were not signed, were not in proper form as presentments, and were not intended to be official presentments of the grand jury.

On October 22, 2001, a new grand jury for Laurens County was sworn and charged by Judge Smith. No general or local legislation allows Laurens County to have two regularly constituted grand juries at the same time.

The April/July 2001 grand jurors apparently continued to revise and redraft their proposed presentments after October 22, 2001, pursuant to what had been the local practice of some grand juries returning civil presentments after their terms of service had expired. Prior to this situation, no challenge had been made to this practice. The presentment at issue here was a work in progress until the final draft was delivered to Chief Judge Flanders, Jr. in February 2002.

Chief Judge Flanders, Jr. read the proposed presentments, recognized that they contained controversial material, and notified all local officials mentioned therein by letter with an attached copy of the part of the proposed presentment applicable to them. District Attorney Walke filed an action to expunge the presentments pertaining to his office contending that the presentments did not comply with applicable law. No other official instituted any challenge to the presentments.

Both Chief Judge Flanders, Jr. and Judge Smith recused themselves from this matter and a third judge took over, granting the order here appealed following a hearing in which the Courier Herald Publishing Company was allowed to intervene, a district attorney pro tempore was appointed to represent the April/July 2001 grand jury, and outside counsel represented the district attorney. At the hearing, Chief Judge Flanders, Jr. testified, identifying several documents, including his charge to the grand jury on April 23, 2001, and the proposed presentments which he personally sealed. The trial court conducted an in camera examination of the proposed presentments and ordered portions expunged.

1. The grand jury's first enumeration of error is that the trial court erred in denying its motion for a special term and in concluding

[1] Ga. L. 1982, pp. 547-548.

that the court had no legal authority to reconvene the April 2001 grand jury to complete unfinished business.

Laurens County is part of the Dublin Judicial Circuit. OCGA § 15-6-1 (16). Pursuant to OCGA § 15-6-3 (16) (B), the terms of the Dublin Judicial Circuit held in Laurens County commence on the fourth Monday in January, April, July, and October.

OCGA § 15-6-20 provides that

> [t]he judges of the superior courts may, in their discretion, hold special terms of court in any county within their respective circuits when the business requires it to close the dockets and may, in the exercise of a sound discretion, cause new juries to be drawn for the same or may order the juries drawn for the regular term to give their attendance upon such special terms. The judges are authorized to hold special terms of court for the trial of criminal cases or for the disposition of civil business, or both, in any county of their circuits, at their discretion, and either to compel the attendance of grand or trial jurors of a previous term or to draw new jurors, according to law.

Pursuant to this section, the April/July 2001 grand jury moved, at the hearing on December 14, 2002, that the trial court grant a special term within which to complete its examination of the office of the district attorney, which it had been conducting under OCGA § 15-12-71 (b) (1). That section provides that

> [t]he grand jury shall at least once in each calendar year inspect the condition and operations of the county jail. The grand jury shall at least once in every three calendar years inspect and examine the offices and operations of the clerk of superior court, the judge of the probate court, and the county treasurer or county depository. *If the office of the district attorney is located in the county in which the grand jury is impaneled, the grand jury shall inspect and examine the offices of the district attorney at least once in every three calendar years. . . .*

(Emphasis supplied.)

Based on *Haden v. State*, 176 Ga. 304 (168 SE 272) (1933), the grand jury argues that the trial court erred in not ordering a special term to allow it to continue its investigation of the operations and facilities of the district attorney's office. In *Haden*, supra, the four regular terms of Bibb County Superior Court began in February, April, July, and November. Local legislation provided that grand

juries were drawn only for the April and November terms. *Haden*, supra at 306. This legislation also provided that the April and November grand juries could be required by the superior court judge to attend the July and January terms. The April grand jury was discharged on July 10, and that term was adjourned on July 14. Because there was business remaining, the trial court recalled the April grand jury to serve for a special term which the court set to begin on September 3. During that special term, the indictment against Haden was returned. He contended that the grand jury sitting during that special term was an illegal body because the April term did not "immediately precede" the special term, as required by OCGA § 15-6-20. The Supreme Court rejected this argument, finding that the grand jury was not an illegal body. There was no other grand jury empaneled at the time the special term was set.

*Haden v. State*, supra, provides no authority for the argument that, when another regular grand jury has already been convened, as here, the grand jury whose term expired previously may sit in a "special term" called only so that an investigation begun by it could continue.

It is not disputed that a grand jury which has been discharged *during its term* may be recalled to serve *the rest of that term* without being resummoned by court order, resworn, and recharged. *State v. Grace*, 263 Ga. 220 (430 SE2d 583) (1993); *Bird v. State*, 142 Ga. 596 (83 SE 238) (1914). That, however, did not happen here. Instead, the legal maximum six-month term of the April/July 2001 grand jury had expired, and the new October 2001 grand jury had been sworn in and was conducting business.

As stated in *McGinnis v. Ragsdale*, 116 Ga. 245, 246-247 (42 SE 492) (1902),

> [u]nder the law of this State the terms of the superior court which are authorized to be held by the judges thereof are divided into three classes: *regular, adjourned, and special terms*. . . . An adjourned term of the court is said to be held where the regular term has never been adjourned but the session has been continued by an order providing that the court shall reconvene as in regular term after the lapse of a recess other than the ordinary recess when the court is in session from day to day. *A special term is a term called to convene after the adjournment of one regular term and before the time arrives for the holding of another regular term.*

(Emphasis supplied.) See also *Johnson v. State*, 251 Ga. App. 489, 492 (1) (554 SE2d 612) (2001).

Therefore, the trial court correctly ruled that it could not extend the term of the April/July 2001 grand jury beyond its six-month term by ordering a special term.

Such a conclusion is also supported by the fact that "[a]fter the adjournment of a term the grand jury became functus officio." *Braxley v. State*, 143 Ga. 658, 661 (85 SE 888) (1915).

Further, the office of the district attorney is established for each judicial circuit by Ga. Const. of 1983, Art. VI, Sec. VIII, Par. I, and the salary of each district attorney is set by State law, OCGA §§ 15-18-10; 15-18-19, although it may be supplemented locally. Therefore, the district attorney and his employees are considered employees of the State. See *Moseley v. Garrett*, 182 Ga. 810 (187 SE 20) (1936); 1971 Op. Atty. Gen. No. 71-173.1. As held in *Floyd County Grand Jury v. Dept. of Family &c. Svcs.*, 218 Ga. App. 832, 834-835 (1) (463 SE2d 519) (1995), such State offices are not subject to investigation under OCGA § 15-12-71 (b) (2). While the grand jury is authorized to "inspect and examine the *offices* of the district attorney" pursuant to OCGA § 15-12-71 (b) (1), this would apply only to whether or not the county has provided adequate physical facilities for that office, not to examine its operations, as the grand jury attempted to do here. (Emphasis supplied.) This conclusion is also mandated by the fact that, in OCGA § 15-12-71 (b) (1), the grand jury is directed to inspect the "operations" of other county offices, but not those of the district attorney.

Therefore, there was no error in the trial court's not granting a special term for the April/July 2001 grand jury to continue its investigation.[2]

2. In its second enumeration, the April/July 2001 grand jury argues that the trial court erroneously ordered the expungement of its presentment by ruling that it had exceeded and gone beyond what the laws of this State permit by criticizing the office of the district attorney but not alleging criminal conduct.

As discussed in Division 1, supra, the subject matter sought to be addressed by the April/July 2001 grand jury regarding the district attorney's office was beyond the authority granted to it. See *Thompson v. Macon-Bibb County Hosp. Auth.*, 246 Ga. 777, 778 (273 SE2d 19) (1980); *Kelley v. Tanksley*, 105 Ga. App. 65, 66 (123 SE2d 462) (1961).

---

[2] To the extent that the April/July grand jury argues that there was a conflict of interest with the district attorney which required separate counsel for it, no such request was made to the trial court. Also, any claim of violation of duties imposed by the Code of Professional Responsibility and Standards of Conduct is addressed to disciplinary proceedings of the State Bar. See generally *Allen v. Lefkoff, Duncan, Grimes & Dermer*, 265 Ga. 374, 376 (2) (b) (453 SE2d 719) (1995).

Further, when the proposed presentment was completed and given to the trial court in February 2002, it was not done in open court, with the judge presiding and the clerk present as required, but in chambers. See generally *Henderson v. State*, 182 Ga. App. 513 (356 SE2d 241) (1987), rev'd in part on other grounds, 257 Ga. 618 (362 SE2d 346) (1987); *Cadle v. State*, 101 Ga. App. 175, 180 (113 SE2d 180) (1960).

"Under the 'right for any reason' rule, an appellate court will affirm a judgment if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied. See *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645 (458 SE2d 632) (1995)." *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002).

Therefore, the trial court's ruling striking those portions of the proposed presentment critical of the district attorney's office operations was right because the actions of the grand jury were beyond its authority and any proposed presentment had not been properly returned.

3. Finally, in the third enumeration of error, it is argued that the trial court imposed a restraint of free speech upon the members of the April/July 2001 grand jury in their capacity as individuals when, in the order appealed, it stated that "[t]he oath of secrecy taken by the Grand Jurors remains valid and binding upon them as to matters touching their service."

That ruling, however, as stated in the order, was addressed to the request of the intervenor newspaper that it be allowed access to the proposed presentment. That appeal is now pending before us in Case No. A04A0822. We note that the trial court correctly cited the oath of secrecy which the grand jurors had taken as required by OCGA § 15-12-67 (b) and we find no error in his doing so.[3] See generally *Howard v. State*, 60 Ga. App. 229, 234-236 (4 SE2d 418) (1939).

*Judgment affirmed. Miller and Phipps, JJ., concur. Ellington, J., disqualified.*

DECIDED APRIL 28, 2004.

*John E. Morrison*, for appellant.

---

[3] Witnesses before a grand jury may discuss their own testimony in public because to restrict them would be a violation of the First Amendment not outweighed by the public interest of the State in the secrecy of the grand jury proceedings. *Butterworth v. Smith*, 494 U. S. 624, 629-632 (110 SC 1376, 108 LE2d 572) (1990).

*James L. Wiggins, Joseph L. Chambers, Assistant District Attorney*, for appellee.